The maximum term of a sentence for crime is fixed by law and a lesser maximum provided in a sentence is a nullity.

**2.** SAME—POWER TO IMPOSE SENTENCE.

The imposition of an unlawful sentence by a sentencing judge does not so exhaust his sentencing power as to preclude his exercising it again to impose a valid sentence.

**3.** HABEAS CORPUS—SENTENCE—RIGHT TO RELEASE.

Writ of habeas corpus is ordered dismissed, where petitioner therefor has not established that he is entitled to release under either the 3-to-5 year sentence first imposed, or a second sentence of 3 to 10 years that was imposed by sentencing judge after he discovered the pertinent statute for attempting to take indecent liberties with a minor female child permitted the imposition of the longer sentence (CLS 1956, § 750.336).

Habeas corpus by Francis Richard O'Dell directed to the warden of State Prison of Southern Michigan, with ancillary writ of certiorari to the circuit judge of Calhoun county, to test validity of sentence on charge of attempting to take indecent liberties. Submitted December 26, 1961. (Calendar No. 49,-558.) Writ dismissed February 13, 1962.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 15 Am Jur, Criminal Law §§ 461, 463.
[3] 25 Am Jur, Habeas Corpus §§ 58–62.
  Illegal or erroneous sentence as ground for habeas corpus. 76 ALR 468.

*Francis Richard O'Dell, in propria persona.*

*Paul L. Adams,* Attorney General, *Joseph B. Bilitzke,* Solicitor General, and *Noble O. Moore,* Prosecuting Attorney, for the people.

DETHMERS, C. J.   On April 8, 1960, petitioner O'Dell entered a plea of guilty in the Calhoun county circuit court to a charge of attempt to take indecent liberties with a minor female child.   He was sentenced by the court to serve not less than 3 nor more than 5 years in prison.   He entered prison and started serving the sentence.

The sentencing court had been under the impression that the applicable statute, CLS 1956, § 750.336 (Stat Ann 1954 Rev § 28.568), fixed 5 years as the maximum.   Thereafter he learned that the maximum it prescribes is 10 years.

The court then issued a writ of habeas corpus directing the presenting of O'Dell in court.   On November 4, 1960, O'Dell was, in conformity with the writ, brought before the court.   The court entered an order vacating the sentence and setting aside the plea of guilty.   O'Dell was rearraigned on the same charge and the court then informed him that the maximum sentence permitted under the statute was 10 years.   O'Dell again entered a plea of guilty.   The court thereupon sentenced him to prison for a term of from 3 to 10 years with credit for time served on the previous sentence together with any good-time credit earned thereon.

On April 11, 1961, O'Dell filed in this Court his petition for a writ of habeas corpus based on the ground that after imposition of the 3-to-5 year sentence in April of 1960 and his commencement of service in prison thereunder, jurisdiction over him passed out of the hands of the sentencing court so that it no longer had the power to vacate the former and impose the latter sentence.

Of interest, in this connection, is *In re Pardee,* 327 Mich 13, holding, in accord with cases therein cited, that the maximum term is fixed by law, that a lesser maximum provided in a sentence is a nullity and that the maximum fixed by statute should be read into the sentence. That means, in the instant case, that the original sentence must be read as having been for 3 to 10 years. Of interest, as well, is *In re Lemire,* 360 Mich 693, holding that imposition of an unlawful sentence by a sentencing judge does not so exhaust his sentencing power as to preclude his exercising it again to impose a valid sentence.

We note, however, that nothing in the record brought before us indicates or establishes that, by reason of accumulation of earned good time or for any other reason whatsoever, O'Dell would have been entitled to his release under either sentence when his petition herein was filed in April of 1961, or that he is on this date.

If the court had been without jurisdiction to vacate the first sentence and impose the second, from lack of anything appearing of record to the contrary it would still be necessary to hold that O'Dell is lawfully detained in State prison under the first sentence. If, on the contrary, the court had power, as it did, to vacate it, then it had like authority to impose the second sentence. Under it O'Dell is lawfully detained as well.

It follows that the writ should be and it is dismissed.

CARR, KELLY, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

BLACK, J., did not sit.

ADAMS, J., took no part in the decision of this case.