PEOPLE *v.* McCULLOCH.

1. COURTS—COURT RULES—AMENDMENT.
   A proposed amendment to a court rule is not binding upon a trial court, especially where the proposal has been withdrawn.

2. CRIMINAL LAW—ARRAIGNMENT—PLEA OF GUILTY—RIGHT TO TRIAL—ADVICE.
   Advice to an accused at an arraignment on charge of breaking and entering with intent to commit a larceny, before acceptance of his plea of guilty, need not include advice that if he elects a trial his guilt must be established beyond a reasonable doubt (GCR 1963, 785.3).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 82 *et seq.*
[2–4] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

3. SAME—RIGHTS TO TRIAL AND COUNSEL.

    Defendant in prosecution for breaking and entering with intent to commit a larceny who was informed of his right to trial by jury or court and of his right to counsel *held*, to have intelligently waived his rights by saying he did not want a lawyer, and pleading guilty (GCR 1963, 785.3).

4. SAME—DUTY TO INFORM ACCUSED OF THINGS ATTORNEY WOULD.

    Court is under no duty to inform accused of the nature of matters of which counsel would advise him, had he had counsel, merely because defendant has only an eighth grade education.

Appeal from Tuscola; Churchill (James P.), J. Submitted Division 2 May 2, 1967, at Lansing. (Docket No. 2,526.)   Decided November 30, 1967.

William Carl McCulloch was convicted of breaking and entering with intent to commit a felony. Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James J. Epskamp,* Prosecuting Attorney, for the people.

*Kern & Kern,* for defendant.

T. G. KAVANAGH, P. J.   Defendant was charged with breaking and entering with intent to commit a felony on March 4, 1966.[1]   He was not represented by counsel at his arraignment where his plea of guilty was accepted and he was sentenced to a minimum term of 8 years imprisonment. He now seeks to have his conviction set aside on 2 grounds, the first that the court did not inform him that his guilt would have to be established beyond a reasonable doubt, and the second that he did not intelligently and understandingly waive his right to be represented by counsel.

---

[1] CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305).

Defendant directs our attention to the proposed amendment to GCR 1963, 785.3[2] which would impose upon the trial judge the duty to advise an accused that his guilt must be established beyond a reasonable doubt. Since this proposal had not been adopted[3] it was not binding on the trial judge in this matter. As a matter of fact the proposed amendment was withdrawn. See 379 Mich xxxi.

Appellant urges that the court's failure to advise of the standard of proof in a trial, even without the proposed court rule's stricture, violates his rights under the 5th and 14th Amendments to the U.S. Constitution and the "comparable provisions of the Michigan Constitution" and denied him due process of law.

No authority is cited for this contention nor argument beyond its mere statement. Such a contention does not impress us as self-evident nor are we by our own consideration moved to assent.

In addition to the correct standard of proof, other subjects proper to instructions to a jury occur to us. We cannot say that the absence of any one or all of these militates against intelligent waiver of the trial by one who eschews it. In this regard the advice of the right to a trial meets the standard of due process.

We are further urged to set aside the conviction on the ground that defendant's waiver of counsel was not made intelligently.

The transcript of the proceedings at which the plea was accepted reveal the following colloquy (after the information was read to the defendant):

[2] 378 Mich xxxviii.
[3] 378 Mich xliii.

"*Q.* All right. Now Mr. McCulloch how old are
you?

"*A.* 22.

"*Q.* And how far did you go in school?

"*A.* Eighth grade.

"*Q.* Now in this case you are charged with a
crime commonly known as breaking and entering
with intent to commit a felony. In this case lar-
ceny. The crime with which you are charged is a
felony. The maximum punishment for this crime
upon a conviction is 10 years in the State prison.
Now do you understand all that?

"*A.* Yes.

"*Q.* Do you understand that you are entitled to
have a jury trial?

"*A.* Yes.

"*Q.* You understand that you can waive a jury
and be tried for this offense by the court without a
jury?

"*A.* Yes, sir.

"*Q.* That is, the evidence would be heard by the
judge instead of by the jury, you understand that?

"*A.* Yes, sir.

"*Q.* And the determination would be by the
court?

"*A.* Yes, sir.

"*Q.* You understand that?

"*A.* Yes.

"*Q.* Now do you have an attorney?

"*A.* No, sir.

"*Q.* Do you understand that you are entitled to
have an attorney?

"*A.* Yes.

"*Q.* Do you know that if you are financially un-
able to hire your own attorney the court will appoint
one for you?

"*A.* Yes.

"*Q.* Now do you want a lawyer?

"*A.* No, sir.

"*Q.* Did you say no?

"*A.* No.

"*Q.* When I asked you if you said no, then you repeated the original answer that you do not want an attorney, is that correct?

"*A.* That's correct.

We are satisfied that this shows compliance with GCR 1963, 785.3.

The argument advanced is that because defendant had only an eighth grade education the court was under a duty to inform him of the nature of the matters of which counsel would advise him. It is urged that since it does not affirmatively appear that defendant understood, among other things, that counsel would advise him that the prosecution has the burden of proving defendant's guilt beyond a reasonable doubt, that the verdict must be unanimous, and "other similar matters", defendant's waiver of counsel was not intelligently and understandingly made.

We find no merit in the argument.

Affirmed.

LEVIN and SULLIVAN, JJ., concurred.