PEOPLE *v.* ROBERT A. SMITH

1. CRIMINAL LAW—PLEA OF GUILTY—RIGHT TO JURY TRIAL—WAIVER.
   A plea of guilty to be valid does not require a specific waiver on the record of the right to trial by jury.

2. CRIMINAL LAW — SENTENCES — STATUTORILY-REQUIRED MAXIMUM SENTENCES.
   Any sentence imposed which is not in accordance with a statutorily-required maximum sentence is a nullity.

3. CRIMINAL LAW — SENTENCE — STATUTORILY-REQUIRED MAXIMUM SENTENCE.
   The duty to impose a statutorily-required maximum sentence is ministerial.

4. CRIMINAL LAW — SENTENCE — STATUTORILY-REQUIRED MAXIMUM SENTENCE — CORRECTION — NUNC PRO TUNC ORDER — DEFENDANT'S PRESENCE.
   The entry of a *nunc pro tunc* order is a proper method to correct an improper maximum sentence where the maximum sentence is statutorily-required; a defendant need not be before the court when the *nunc pro tunc* order is entered.

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 May 4, 1971, at Grand Rapids. (Docket No. 9688.) Decided July 28, 1971. Leave to appeal denied, 386 Mich 757.

Robert A. Smith was convicted, on his plea of guilty, of breaking and entering an occupied dwelling house with intent to commit larceny. Defend-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[2, 3] 21 Am Jur 2d, Criminal Law §§ 533–536.
[4] 21 Am Jur 2d, Criminal Law § 574.

ant appeals by leave granted on a delayed application. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

Robert A. Smith, *in propria persona.*

Before: R. B. BURNS, P. J., and HOLBROOK and LEVIN, JJ.

PER CURIAM. Defendant was charged with breaking and entering an occupied dwelling house with intent to commit larceny. MCLA 1971 Cum Supp § 750.110 (Stat Ann 1971 Cum Supp § 28.305). Defendant pleaded guilty to the crime as charged. Defendant was sentenced to a term of four years to ten years in prison. Subsequently a *nunc pro tunc* order was entered by the trial court to correct the maximum sentence to 15 years as provided for by the statute.

The questions on appeal are:

I. Did the defendant plead guilty to the crime of breaking and entering an occupied dwelling house with the intent to commit larceny?

II. Was the trial court's examination of the defendant sufficient for the acceptance of a guilty plea?

III. Did the trial court accept the defendant's guilty plea without first establishing that defendant understood and was aware of the consequences of the plea?

IV. Did the trial court err when it accepted the defendant's guilty plea without a specific waiver of a jury trial by the defendant?

V. Was it proper for the trial court to correct the maximum sentence without the presence of the defendant before the court and by entry of a *nunc pro tunc* order?

A fair review of the record shows that defendant pled guilty to the crime as charged.

The trial court's examination of the defendant established that a crime had been committed and that the defendant participated in it. The examination also ascertained that the plea was honest and truthful. Thus, the requirements of *People* v. *Barrows* (1959), 358 Mich 267 and *People* v. *Bartlett* (1969), 17 Mich App 205 were met. The trial court properly accepted the plea of guilty in accordance with GCR 1963, 785.3(2) and MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058).

The record further reveals that defendant understood and was aware of the consequences of his plea. In addition defendant was represented by counsel during the guilty plea proceedings.

Michigan does not require a specific waiver of the right of trial by jury. *People* v. *Taylor* (1970), 383 Mich 338; *People* v. *Jaworski* (1970), 25 Mich App 540; *People* v. *Sepulvado* (1970), 27 Mich App 66. Defendant was informed of his right to a jury trial and was informed that if he entered a plea of guilty he would lose it. The defendant indicated his understanding of this and still entered the plea of guilty.

At sentencing the trial court imposed a lesser maximum sentence than provided for by the statute. By statute, MCLA § 769.8 (Stat Ann 1954 Rev § 28-.1080), the trial court is required to fix the maximum sentence as provided for by statute. The Supreme Court has said that any sentence imposed which is not in accordance with the statutory maximum is a nullity. *In re O'Dell* (1962) 365 Mich 429. The duty to impose a maximum sentence is ministerial.

*In re Pardee* (1950), 327 Mich 13; *In re Evans* (1912), 173 Mich 25.

The entry of a *nunc pro tunc* order is a proper method to correct a maximum sentence. *In re Lemire* (1960), 360 Mich 693.

The defendant did not need to be before the trial court when the correction was made. *In re Pardee, supra.*

We find no error in the proceedings below and hold that the trial court is hereby affirmed.