## PEOPLE *v* GRAHAM

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—REDUCTION OF CHARGE.

A fulfilled promise of charge reduction is not ground for vacating a guilty plea even if the plea was induced by the charge reduction; whether the defendant would have otherwise pled guilty does not render the plea involuntary so long as the plea was knowingly and understandingly made with the benefit of counsel.

2. CRIMINAL LAW—PLEA OF GUILTY—RIGHT TO NONJURY TRIAL—WAIVER.

A trial court need not specifically inform a defendant that by pleading guilty the defendant waives his right to be tried by a judge sitting without a jury.

3. CRIMINAL LAW—PLEA OF GUILTY—RIGHT OF CONFRONTATION.

A trial court need not specifically inform a defendant of his constitutional right to confront his accusers before a plea of guilty can be accepted.

Appeal from Iosco, Allan C. Miller, J. Submitted Division 3 February 4, 1972, at Grand Rapids. (Docket No. 12044.) Decided February 29, 1972. Leave to appeal denied, 388 Mich 758.

Walter Graham was convicted, on his plea of guilty, of unarmed robbery. Defendant appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 530.
[2, 3] 21 Am Jur 2d, Criminal Law § 495.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Kenneth J. Myles,* Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *David A. Goldstein,* Assistant Defender, for defendant.

Before: Fitzgerald, P. J., and R. B. Burns and Holbrook, JJ.

Per Curiam. The defendant was originally charged with armed robbery and kidnapping. On April 16, 1971, at a time when he was represented by counsel, he pleaded guilty to the lesser included offense of unarmed robbery[1] and the kidnapping charge was dismissed. Subsequently, he was sentenced to a term of 10 to 15 years in prison.

On appeal, the defendant contends: (1) that the evidence presented at the preliminary examination was not sufficient to warrant the examining magistrate in finding that the crime of kidnapping[2] had been committed, and, therefore, he was improperly bound over to the circuit court; (2) that his plea of guilty to the crime of unarmed robbery was coerced and involuntary because he only entered such plea to avoid the possibility of being convicted of the crime of kidnapping, which carries a maximum sentence of life imprisonment; (3) that the trial court erred in accepting his plea of guilty without informing him of his right to a nonjury trial; and (4) that the trial court erred in accepting his plea of guilty without informing him of his right to confront his accusers.

In regard to the defendant's first contention, it is sufficient to say that the evidence presented at the

[1] MCLA 750.530; MSA 28.798.
[2] MCLA 750.349; MSA 28.581.

preliminary examination was sufficient to warrant the examining magistrate in finding: (1) that the crime of kidnapping had been committed and (2) that there were reasonable grounds to believe the defendant had committed the crime. Therefore, the defendant was not improperly bound over to the circuit court on the kidnapping charge.

The defendant's second contention is also without merit. We have previously held that "a fulfilled promise of charge reduction is not ground for vacating a guilty plea even if the plea was induced thereby". *People* v *Jackson,* 20 Mich App 414, 415 (1969), citing *People* v *Kindell,* 17 Mich App 22 (1969); *People* v *Sumlin,* 32 Mich App 1 (1971); *People* v *Grades,* 35 Mich App 383 (1971). Whether the defendant would have otherwise entered a guilty plea does not render his plea involuntary so long as it was "knowingly and understandingly made with the benefit of counsel". *People* v *Temple,* 23 Mich App 651, 660 (1970); *People* v *Sumlin,* 32 Mich App 1, 3 (1971).

The defendant's third contention is also meritless. There is no requirement that a trial court must specifically inform a defendant that by pleading guilty he waives his right to be tried by a judge sitting without a jury. *People* v *Logan,* 35 Mich App 600 (1971). See *People* v *Robert A Smith,* 35 Mich App 349 (1971).

The defendant's final contention is rendered meritless by our decision in *People* v *Sepulvado,* 27 Mich App 66 (1970). There we ruled that the United States Supreme Court's holding in *Boykin* v *Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), does not require a trial court to specifically inform a defendant of his constitutional right to confront his accusers before a guilty plea can be

accepted, but rather, only requires that the record affirmatively show that the plea was made understandingly and voluntarily. The record in this case clearly shows that the defendant's plea of guilty was made understandingly and voluntarily.

Affirmed.