PEOPLE v EAGAN

1. CRIMINAL LAW—RIGHT TO TRIAL—TRIAL BY JURY.

The right to trial and the right to trial by jury are substantially different.

2. CRIMINAL LAW—RIGHTS—WAIVER—RECORD ON APPEAL.

A knowing, understanding, and voluntary waiver by a defendant of his rights in a criminal proceeding requires an unequivocal explanation of those rights; the law will presume no such waiver from a silent record.

3. CRIMINAL LAW—PLEA OF GUILTY—TRIAL BY JURY—WAIVER.

The trial judge in accepting a plea of guilty erred when he informed a defendant that if he did not plead guilty he would have the right to trial and failed to inform the defendant that he had a right to trial by jury or by the court without a jury, since it cannot be presumed that defendants in criminal trials know of the right to trial by jury or by the court without a jury; therefore, the defendant could not be presumed to have knowingly, understandingly, and voluntarily waived his rights.

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 March 16, 1973, at Detroit. (Docket No. 12991.) Decided April 24, 1973.

Robert Eagan was convicted, on his plea of guilty, of breaking and entering. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Jury §§ 47–52.
[2, 3] 21 Am Jur 2d, Criminal Law § 219.

*John P. Doerr,* for defendant on appeal.

Before: Lesinski, C. J., and Holbrook and Adams,* JJ.

Lesinski, C. J. Defendant appeals his plea-based conviction of breaking and entering, MCLA 750.110; MSA 28.305. In accepting the plea the trial judge informed the defendant, a 17-year-old, that if he did not plead guilty he would have the right to a trial; however, the trial judge failed to inform the defendant that he had a right to a trial by jury or by the court without a jury. This was error. *People v Jaworski,* 387 Mich 21 (1972).

It cannot be said that defendants in criminal trials could be presumed to know of a right to trial by jury or by the court without a jury. A knowing, understanding, and voluntary waiver requires the right to be unequivocally explained. Where it is not done, the law presumes no waiver from a silent record. *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969).

That the right to trial and right to trial by jury are substantially different, no one could argue. See *Duncan v Louisiana,* 391 US 145; 88 S Ct 1444; 20 L Ed 2d 491 (1968). This is precisely the reason we reverse.

Reversed and remanded.

All concurred.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.