PEOPLE v TAYLOR

CRIMINAL LAW—PLEA OF GUILTY—NONJURY TRIAL—COURT RULES.
There was no requirement that a trial court must specifically inform a defendant that by pleading guilty he waives his right to be tried by a judge sitting without a jury prior to the adoption of a General Court Rule requiring that a defendant be so informed (GCR 1963, 785.7).

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted Division 1 May 9, 1974, at Detroit. (Docket No. 18656.) Decided June 27, 1974.

John W. Taylor was convicted, on his plea of guilty, of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *John L. Thompson, Jr.,* Assistant Prosecuting Attorney, for the people.

*Charles A. Haas,* for defendant on appeal.

Before: BASHARA, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

PER CURIAM. Defendant pled guilty to a charge

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*
* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

of assault with intent to do great bodily harm less than murder. MCLA 750.84; MSA 28.279. He appeals his conviction.

Defendant alleges that the trial judge erred during the plea-taking proceeding when he failed to advise defendant of a right to a nonjury trial. He was advised of his right to trial by jury. The record reveals that the plea was taken on November 6, 1972, after the release of *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972), but before the promulgation of GCR 1963, 785.7.

*Jaworski, supra,* established that the defendant is entitled to be advised of his right to a jury trial, to confront his accusers, and of his privilege against self-incrimination. This Court in *People v Eagan,* 46 Mich App 377; 208 NW2d 219 (1973), interpreted *Jaworski, supra,* to mean that a defendant must be advised of both his right to jury trial and nonjury trial. While the new court rules under GCR 1963, 785.7 would require such advice, we are in disagreement with *Eagan, supra,* that *Jaworski, supra,* intended such a result. We prefer to adopt the reasoning of *People v Graham,* 39 Mich App 109, 111; 197 NW2d 312, 314 (1972), where the Court stated:

"There is no requirement that a trial court must specifically inform a defendant that by pleading guilty he waives his right to be tried by a judge sitting without a jury. *People v Logan,* 35 Mich App 600; [192 NW2d 650] (1971). See *People v Robert A Smith,* 35 Mich App 349; [192 NW2d 626] (1971)."

*Graham, supra,* was reaffirmed in the case of *People v Piffer,* 40 Mich App 419; 198 NW2d 907 (1972). It is also buttressed by the recent opinion of *People v Kuchulan,* 390 Mich 701; 213 NW2d 95 (1973). That opinion has the clear impact of limit-

ing the advice on waiver to the specific rights enumerated in *Jaworski, supra,* prior to the adoption of GCR 1963, 785.7.

We find no merit in defendant's remaining assignment of error.

Affirmed.