PEOPLE v GIBBONS

1. CRIMINAL LAW—PLEA OF GUILTY—RIGHT TO TRIAL—RIGHT TO COMPULSORY PROCESS—WITNESSES—COURT RULES.

There was no requirement prior to the effective date of an amendment to the court rules that before a defendant's guilty plea could be taken he had to be informed that at trial his guilt would have to be proved beyond a reasonable doubt and that he would have the right to compulsory process for obtaining witnesses in his favor (GCR 1963, 785.7).

2. CRIMINAL LAW—PLEA OF GUILTY—STATEMENT BY COURT—RIGHT TO TRIAL—JURY TRIAL—NONJURY TRIAL—SUFFICIENCY.

A defendant must be informed at his guilty-plea proceedings that he has a right to trial by jury or by the court without a jury; a statement of the court that "you stay innocent until and unless a judge or a jury after they have weighed the evidence presented by the prosecution, decided after hearing that evidence, that you were guilty" was sufficient to inform defendant of his right.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 June 5, 1974, at Detroit. (Docket No. 16995.) Decided July 25, 1974.

Dwayne Gibbons was convicted, on his plea of guilty, of assault with intent to rob, being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 34 *et seq.*
[2] 21 Am Jur 2d, Criminal Law §§ 486–491, 505.
   Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Joel H. Schavrien,* for defendant on appeal.

Before: LESINSKI, C. J., and BRONSON and VAN VALKENBURG,* JJ.

PER CURIAM. Defendant Dwayne Gibbons was convicted upon a plea of guilty to assault with intent to rob while being armed, MCLA 750.89; MSA 28.284. He appeals as of right.

Defendant first challenges the validity of his guilty plea on the basis that he was not informed that at trial his guilt would have to be proved beyond a reasonable doubt and that he would have the right to compulsory process to obtain witnesses in his favor. We find such claim to be without foundation. Defendant's guilty plea occurred on December 11, 1972, which was prior to the June 1, 1973 effective date of GCR 1963, 785.7. At such time it was not error for the trial court to fail to advise a defendant that if he did not plead guilty his guilt at trial must be proved beyond a reasonable doubt. *People v McCulloch,* 8 Mich App 481; 154 NW2d 664 (1967). Similarly, there was no requirement prior to the adoption of GCR 1963, 785.7 that a defendant be specifically informed that by pleading guilty he waives the right to compulsory process for obtaining witnesses in his favor at trial, since this was not one of the specifically enumerated rights required by *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972), for the taking of an informed plea.

Defendant's final contention is that the trial

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

court erred in accepting his plea of guilty without first advising him of his right to trial without a jury.

In *People v Eagan,* 46 Mich App 377; 208 NW2d 219 (1973), this Court held that it was error to simply advise a defendant at a guilty plea that he had a right to trial, without informing him that such a trial would be by jury or the court without a jury. In the case at bar the trial court stated:

"Now, I want you all to understand you're considered innocent of the offense and you stay innocent until and unless a judge or a jury after they have weighed the evidence presented by the prosecution, decided after hearing that evidence, that you were guilty."

We believe that this statement by the trial court was sufficient to inform defendant of his right to trial by judge or jury as required by *Eagan, supra.*

Affirmed.