# Order

Michigan Supreme Court
Lansing, Michigan

May 16, 2008

135613

PEOPLE OF THE STATE OF MICHIGAN,
   Plaintiff-Appellee,

v

CURTIS PECK,
   Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 135613
COA: 278360
Muskegon CC: 01-046608-FH

On order of the Court, the application for leave to appeal the November 28, 2007 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CORRIGAN, J., concurs and states as follows:

I concur in the order denying leave because it is clear that the trial judge properly corrected defendant's erroneous maximum sentence. The judge reasonably explained that the error was clerical in nature and therefore correctable under MCR 6.435(A). The judge also aptly cited case law holding that an erroneously imposed maximum sentence is a "nullity" — and correctable at any time — because the Legislature generally fixes maximum sentences and courts have no discretion to depart from the statutorily defined maximums. *People v Bannan (In re O'Dell),* 365 Mich 429, 431 (1962); *People v Smith,* 35 Mich App 349, 351-352 (1971).

As Justice Kelly observes, at the sentencing hearing following defendant's probation violation, the judge erroneously imposed a five-year maximum sentence for second-degree home invasion, which carries a statutory maximum sentence of 15 years. Defendant was informed of the 15-year maximum at his original guilty-plea hearing and at the later hearing when he pleaded guilty to violating probation. The judge observed that all of his notes in the case reflected the 15-year maximum. When the judge later amended the sentence, he characterized his error as "a clerical mistake (by the judge, not his clerk)."

The judge also advised defendant that he could request appointment of counsel in order to challenge the amendment, if defendant so chose. Defendant did so and moved for resentencing. The judge denied defendant's motion, correctly observing that the maximum sentence for defendant's offense is set by statute, as are the maximum sentences for most offenses in Michigan. See *People v Harper,* 479 Mich 599, 612 (2007). Sentencing courts are not empowered to deviate from fixed statutory maximums. MCL 769.8(1). The judge quoted *Bannan, supra* at 431, in which this Court cited decisions establishing that "the maximum term is fixed by law, that a lesser maximum provided in a sentence is a nullity and that the maximum fixed by statute should be read into the sentence." The *Bannan* Court also observed that "imposition of an unlawful sentence by a sentencing judge does not so exhaust his sentencing power as to preclude his exercising it again to impose a valid sentence." *Id.* The judge also cited *Smith, supra* at 351-352, which held: "The duty to impose a maximum sentence is ministerial. . . . The entry of a Nunc pro tunc order is a proper method to correct a maximum sentence."

MCR 6.435(A) provides: "Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it." The 1989 staff comment to the rule illustrates: "A prison sentence entered on a judgment that is erroneous because the judge misspoke or the clerk made a typing error is correctable under subrule (A)." Justice Kelly asserts that, here, the judge did not state that he misspoke at defendant's sentencing. Yet the judge appears to mean exactly this when he characterizes the error as a clerical mistake by the judge. Moreover, regardless that the judge's notes indicating the correct maximum sentence are not in the lower court file, there is no evidence that the judge intentionally imposed the incorrect maximum because he misapprehended the law. Rather, the record shows that the judge and parties were aware, throughout the case, that defendant's offense carried a 15-year maximum term.

Regardless of whether I agree that a violation of the *Tanner* rule may not be corrected by the court on its own initiative, the erroneous sentence in this case is not akin to a violation of the *Tanner* rule, as Justice Kelly suggests. The rule, now codified in MCL 769.34(2)(b), prohibits a sentencing court from imposing a minimum sentence that exceeds two-thirds of the statutory maximum sentence. MCL 769.34(2)(b); *People v Tanner,* 387 Mich 683, 690 (1972); *People v Garza,* 469 Mich 431, 435 (2003) (acknowledging codification). When a judge violates the *Tanner* rule, he exercises his sentencing discretion to intentionally impose what he believes to be an appropriate minimum sentence. He imposes an erroneous sentence because he misapprehended or misapplied the relevant law. But the ministerial act of imposing a statutory maximum sentence is not susceptible to the same kind of mistake. Only the statutory maximum sentence is appropriate and the trial judge does not exercise discretion in imposing the maximum.

I would also note that trial judges are not generally precluded from correcting substantive mistakes in their judgments. Rather, under MCR 6.429, a judge may correct an invalid judgment — and may even correct a valid judgment "as provided by law" — even after judgment has entered. At a minimum, if the period for appeal or correction has passed, a defendant may seek post-appeal relief under subchapter 6.500. MCR 6.429(B)(4).

For these reasons, the judge in this case appropriately corrected the error. Most significantly, defendant has not suffered injustice; his sentence was merely conformed to the correct statutory maximum, of which he was informed when he pleaded guilty of second-degree home invasion and again when he pleaded guilty to violating probation. Indeed, were we to conclude that resentencing is required, the judge would simply be bound to impose the correct 15-year maximum upon resentencing. Accordingly, I concur in the order denying leave.

KELLY, J., dissents and states as follows:

I would grant leave to appeal in this case. At sentencing, the circuit judge informed defendant that he was imposing a term of imprisonment of 1-1/2 to 5 years. After defendant had served nearly five years in prison and was ready for release, the Department of Corrections advised the judge that he had erred in imposing a five-year maximum sentence. Less than one month before defendant's release date, the judge notified defendant that he was changing defendant's sentence to a maximum term of 15 years' imprisonment. The judge entered the new judgment of sentence *nunc pro tunc*. Thus, just as defendant was preparing for imminent release from prison, he learned that he would remain there for as many as 10 additional years.

There is no question that the correct statutory maximum sentence in this case is 15 years' imprisonment. In fact, defendant was informed of the statutory maximum at his original guilty-plea hearing and at a later hearing when he pleaded guilty of violating probation. But the fact remains that he was sentenced to five years' maximum imprisonment and five years elapsed between entry of the original judgment of sentence and discovery of the error. Because of the time lapse, it is not clear by what means the sentence can be legally changed.

The judge has tried the device of denominating the error a "clerical mistake" under MCR 6.435(A). If the error was not clerical, it was substantive. The staff comment to the court rule provides some guidance for distinguishing between clerical and substantive mistakes.[1] It suggests that, if the trial judge simply misspoke or if the clerk made a

---

[1] MCR 6.435, 1989 staff comment.

typing error, the mistake is clerical in nature.[2] However, the comment further suggests that, if the judge relied on mistaken facts "or made a mistake of law (for example, unintentionally imposed a sentence in violation of the *Tanner*[3] rule)," the mistake is substantive.[4] A substantive mistake cannot be corrected under this court rule after judgment has been entered. Assuming that the staff comment to MCR 6.435 correctly interprets the court rule, the error in this case may not have been correctable.

When he characterized his error as "clerical," the judge added that his notes reflected the correct 15-year maximum. However, his notes are not part of the lower court record. Moreover, the judge did not claim that he misspoke at defendant's sentencing. If the judge did misspeak, why did he sign a judgment of sentence that reflected the same sentence?

The record suggests that the error in this case may be an error of law akin to an unintentional violation of the *Tanner* rule. In *Tanner*, this Court held that a minimum sentence exceeding two-thirds of the maximum is improper because it does not comply with the indeterminate sentence act.[5] The Legislature later codified this rule.[6] A minimum term that fails to comply with the *Tanner* rule is invalid.[7]

The sentencing court has no discretion in imposing the statutory maximum. But it has discretion in imposing a minimum sentence. However, the legislative sentencing guidelines, which incorporate the *Tanner* rule, limit the sentencing court's discretion in imposing a minimum term.[8] If the sentencing court violates the *Tanner* rule, it does so because it has misapprehended or misapplied the relevant law. Thus, if a sentencing court unintentionally pronounces an invalid minimum term in violation of the *Tanner* rule, it commits an error of law.

A sentencing court that imposes an invalid maximum sentence has also misapprehended or misapplied the relevant law. An unintentional violation of a statutory requirement to impose the statutory maximum sentence renders the sentence invalid just as a *Tanner* violation would render the sentence invalid. Therefore, both errors are errors of law.

---

[2] *Id.*

[3] *People v Tanner*, 387 Mich 683 (1972).

[4] *Id.*

[5] *Id.* at 690.

[6] MCL 769.34(2)(b).

[7] *People v Thomas*, 447 Mich 390, 393-394 (1994).

[8] MCL 769.34(2)(b).

And both errors generally are corrected in the same manner. When an appellate court concludes that a *Tanner* violation has occurred, it should direct the sentencing court to reduce the minimum term to two-thirds of the maximum.[9] Similarly, to correct an error concerning the statutory maximum challenged in accord with our court rules, an appellate court should direct that the maximum term be that which is required by law. These errors are similar in kind.

Because a *Tanner* violation and an error in the imposition of the statutory maximum are similar, both may be substantive. However, the remedy generally applied to *Tanner* violations challenged on appeal cannot clearly be applied here. The error in this case was not timely challenged on appeal as was the *Tanner* error. Nor did either party timely move to correct the invalid sentence under MCR 6.429. And, only a defendant may seek relief from an invalid sentence by filing a postconviction motion under subchapter 6.500. Defendant did not file such a motion.

There is Michigan caselaw holding that the imposition of a maximum sentence that is below the statutory maximum is a nullity.[10] Entry of a *nunc pro tunc* order is proper to correct the error.[11] However, this caselaw predates the current court rules. Unless the imposition of an invalid maximum sentence was a clerical error, the court rules appear to provide no method to correct an error in the maximum sentence discovered five years later. The apparent gap between our court rules and prior caselaw argues loudly for this Court to grant leave to appeal in this case.

The proper interpretation of MCR 6.435(A) is jurisprudentially significant because, if "clerical errors" are defined too broadly, judgments will lose their finality. Trial judges may be encouraged to amend their judgments by characterizing the amendment as the mere correction of a clerical mistake. As Justice Markman notes, the unique facts of this case may also implicate defendant's constitutional rights.

The issues presented merit full appellate review. Because they raise important questions of law, I would grant leave to appeal.

MARKMAN, J., dissents and states as follows:

---

[9] *Id.* at 392-394.

[10] *In re O'Dell*, 365 Mich 429, 431 (1962).

[11] *People v Smith,* 35 Mich App 349, 352 (1971).

Defendant was sentenced to a maximum term of five years in prison, and had served virtually the entirety of his sentence when the trial court took the remarkable step of *adding ten additional years to defendant's maximum sentence less than one month before its completion.* That is, as defendant was presumably anticipating his imminent release from prison, and after he had apparently fulfilled his debt to society, the trial court suddenly tripled his maximum sentence to 15 years.

This extraordinary and — to the best of my recollection — unprecedented sequence of events merits appellate review. Just as finality in the appellate process is necessary to ensure that the rehabilitative functions of the criminal justice system can begin to have an effect, so too is finality in the sentencing process. I would remand to the Court of Appeals for consideration as on leave granted whether defendant's constitutional or statutory rights were in any way implicated by the timing of events in this case. I also share Justice Kelly's concerns that the trial court's error in this case is not properly characterized as a "clerical" error.[12]

CAVANAGH, J., joins the statement of MARKMAN, J.

---

[12] Justice Corrigan suggests that MCR 6.429, pertaining to the correction and appeals of sentences, may be applicable. However, that court rule requires that a "motion" be "filed" by a "party" before a trial court may correct a sentence. Here, neither the prosecutor nor defendant filed a motion to amend the sentence. Moreover, under MCR 6.429(B)(4), only a defendant may seek an amended sentence if that defendant "is no longer entitled to appeal by right or by leave," as is the case here. Hence, MCR 6.429 does not lend support to the majority's argument.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 16, 2008

_Corbin R. Davis_
Clerk

t0513