# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JUSTIN TIMOTHY COMER,

Defendant-Appellant.

FOR PUBLICATION
October 8, 2015
9:00 a.m.

No. 318854
St. Clair Circuit Court
LC No. 11-001804-FC

Before: GLEICHER, P.J., and SAWYER and MURPHY, JJ.

PER CURIAM.

Defendant pleaded guilty to first-degree criminal sexual conduct, MCL 750.520b(1)(c), and first-degree home invasion, MCL 750.110a(3). This court vacated his original sentences for reasons not germane to this appeal, and new sentences were imposed. Neither the first nor the second CSC sentence included a provision for lifetime electronic monitoring as required under MCL 750.520b. Three and a half months after defendant was resentenced, the Department of Corrections notified the trial court that the judgment of sentence omitted "any specific language ordering lifetime electronic monitoring." Over defendant's objection, the trial court resentenced him a third time and imposed lifetime electronic monitoring.

Defendant asserts that he is not subject to lifetime electronic monitoring, and that the trial court waited too long before imposing that punishment. Binding caselaw requires us to reject both arguments. Accordingly, we affirm.

I.

In 2011, former St. Clair Circuit Court Judge James Adair sentenced defendant to 51 months' to 18 years' imprisonment for CSC-I. The judgment of sentence form included a line to be checked by the trial court indicating: "The defendant is subject to lifetime monitoring under MCL 750.520n." Judge Adair did not place a checkmark on this line or otherwise indicate in the judgment of sentence that defendant was subject to lifetime electronic monitoring.

Defendant sought leave to appeal his sentence, contending that the trial court had improperly scored several offense variables. In lieu of granting leave to appeal, we vacated defendant's CSC sentence and remanded for resentencing. *People v Comer*, unpublished order of the Court of Appeals, issued June 29, 2012 (Docket No. 309402). On October 8, 2012, Judge Adair resentenced defendant, lowering his minimum sentence for both convicted offenses to 42

-1-

months' imprisonment. The second judgment of sentence form includes the same unchecked line referencing lifetime monitoring and omits any other reference to that punishment.

On January 29, 2013, the Michigan Department of Corrections notified Judge Adair that pursuant to *People v Brantley*, 296 Mich App 546; 823 NW2d 290 (2012), defendant's sentence should have included lifetime electronic monitoring. Defendant's previous appellate counsel, Jacqueline Ouvry, filed an objection, arguing that *Brantley* did not apply to defendant and that because the prosecution neglected to bring a motion to correct defendant's sentence, MCR 6.429(B)(3) precluded resentencing. Ms. Ouvrey further contended that the Supreme Court's opinions in *People v Cole*, 491 Mich 324; 817 NW2d 497 (2012), and *People v Lee*, 489 Mich 289; 803 NW2d 165 (2001), prohibited the court from amending defendant's sentence to add a provision for lifetime electronic monitoring. The prosecution replied that *Brantley* applied, and that without a provision for lifetime electronic monitoring, defendant's sentence was invalid. The prosecution insisted that the court had the authority to correct defendant's sentence by offering him the opportunity to withdraw his previous guilty plea or allowing that plea to stand after being informed of the lifetime electronic monitoring requirement.

At a hearing conducted on April 29, 2013, Judge Michael West, Judge Adair's successor, found defendant's guilty plea "defective," declaring: "I'm not going to proceed further with the plea being defective." Ms. Ouvrey contended that omission of lifetime electronic monitoring constituted a "substantive mistake" that could be corrected only pursuant to a timely motion to correct an invalid sentence, which the prosecution had failed to file. The court rejected this argument, reasoning: "This is not a question of whether the sentence is invalid. This is a question as to whether the plea was invalid." Judge West then offered defendant the opportunity to withdraw his guilty plea or to allow the plea to stand while acknowledging that the plea "carries with it . . . lifetime electronic monitoring." Defendant declined to withdraw his plea. Judge West signed a new judgment of sentence maintaining the term of incarceration previously imposed and adding: "Lifetime GPS upon release from prison."

Defendant again sought appellate review of his sentence, and the trial court appointed different counsel. This Court denied defendant's delayed application for leave to appeal. *People v Comer*, unpublished order of the Court of Appeals, issued January 27, 2014 (Docket No. 318854). The Supreme Court remanded for consideration as on leave granted. *People v Comer*, 497 Mich 957; 858 NW2d 462 (2015).

III.

Defendant first contends that *Brantley* "did not create a mandate to amend the Judgment of Sentence in every CSC-I case issued since 2006, where lifetime electronic monitoring was not applied." While we agree that no such "mandate" exists, we reject defendant's related argument that the law remains "unsettled" regarding whether defendants convicted of CSC-I are subject to lifetime electronic monitoring. In *Brantley*, this Court considered the statutory circumstances under which a defendant convicted of CSC-I must submit to lifetime electronic monitoring. The defendant in that case contended that lifetime electronic monitoring could be imposed only if the defendant was 17 years or older and the victim was less than 13 years old at the time of the offense. *Brantley*, 296 Mich at 556. The majority conceded that "the language of MCL 750.520n(1) does seem to indicate that a trial court must order a defendant who is convicted of

-2-

CSC-I to submit to lifetime electronic monitoring *only* if the defendant was 17 years old or older, and the victim was less than 13 years old." Id. at 557 (emphasis in original). Over a strong dissent by Judge K.F. KELLY, the majority nevertheless determined that "in context" and pursuant to a tool of statutory interpretation known as the last antecedent rule, defendants convicted of CSC-I under MCL 750.520b(1)(c) are subject to lifetime monitoring under MCL 750.520b(2), regardless of the age of the defendant or the victim. *Id*. at 557-559.

In *People v King*, 297 Mich App 465; 824 NW2d 258 (2012), two judges of this Court criticized *Brantley*'s reasoning and called for a conflict panel to resolve which defendants convicted of CSC-I are subject to lifetime electronic monitoring. This Court declined to convene a conflict panel, *People v King*, 297 Mich App 802 (2012), and the Supreme Court denied the defendant's application for leave to appeal. *People v King*, 493 Mich 938; 839 NW2d 595 (2013). More recently, in *People v Johnson*, 298 Mich App 128; 826 NW2d 170 (2012), we reiterated that MCL 750.520b(2) "requires lifetime electronic monitoring for first-degree criminal sexual conduct convictions when the defendant has not been sentenced to life in prison without the possibility of parole." *Id.* at 135-136. We are required to follow *Brantley* and *Johnson*, MCR 7.215(J), and conclude that the law is now settled: defendant was subject to lifetime electronic monitoring when he was first sentenced in 2011.

In *Cole*, 491 Mich at 327, the Supreme Court held that when enacting MCL 750.520n(1), the Legislature intended to make lifetime electronic monitoring part of the sentence itself for CSC-I. Thus, because Mr. Comer's sentence did not include electronic monitoring, it was properly considered invalid by the trial court.

IV.

We next consider whether the trial court possessed the authority to correct defendant's sentence 20 months after the original sentencing.[1] Our resolution of this issue hinges on our interpretation of several rules of criminal procedure. We interpret and apply these rules de novo. *Lee*, 489 Mich at 295. In doing so, we are guided by the general rules of statutory interpretation. *Hinkle v Wayne Co Clerk*, 467 Mich 337, 340; 654 NW2d 315 (2002). Foremost among those rules is that we must give effect to the intent and purpose underlying them. *Brown v Gainey Transp Servs, Inc*, 256 Mich App 380, 383; 663 NW2d 519 (2003). Because both judgments of sentence violated the law by omitting a provision for lifetime monitoring, we train our attention on the rules governing correction of invalid sentences.

MCR 6.429 is titled "Correction and Appeal of Sentence." Subrule (A) concerns a court's "authority to modify" a sentence. It provides that either party may move "to correct an invalid sentence." The rule continues, "The court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law."

---

[1] Defendant's 4-1/2 page brief on appeal only tangentially raises this issue, but we consider it nonetheless as defendant raised this issue more fully in an *in pro per* reply brief filed in the Supreme Court.

-3-

In *People v Harris*, 224 Mich App 597, 601; 569 NW2d 525 (1997), this Court held that "a motion for resentencing is not a condition precedent for a trial court to correct an invalid sentence under MCR 6.429(A)," and that the court rule "does not set time limits with respect to a trial court's authority to correct an invalid sentence." Further, *Harris* broadly declares, "There being no time restrictions specified in MCR 6.429(A), we decline to construe this court rule as containing a jurisdictional time limitation. Therefore, there was no impediment to the time of the trial court's decision . . . that would preclude it from ordering a resentencing pursuant to MCR 6.429(A)." *Id*. We are bound by *Harris*. MCR 7.215(C). Accordingly, the trial court was empowered to correct defendant's invalid sentence without time limitation.

We affirm.


/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ William B. Murphy

-4-