PEOPLE v MARCUS HARRIS

Docket No. 196159. Submitted June 11, 1997, at Grand Rapids. Decided
July 18, 1997, at 9:05 A.M. Leave to appeal sought.

Marcus Harris, under the assumed name of Chris Thomas, pleaded
guilty in the Muskegon Circuit Court, James M. Graves, Jr., J., of
possession with intent to deliver less than fifty grams of cocaine
and was sentenced to a prison term of from 2½ to 20 years. More
than a year later, the Department of Corrections notified the trial
court of its belief that the defendant's true name was Marcus Har-
ris, that he had been on escape status at the time he had commit-
ted this offense, and that, accordingly, the sentence in this matter
should have been ordered to run consecutively to his prior
sentences. The prosecutor moved for resentencing. Following a
hearing, the court found that the defendant was Marcus Harris, that
the court's original sentence was invalid because it had been based
on inaccurate information, and that the court had authority to
order resentencing on the basis of MCR 2.612(C)(3) because of the
fraud the defendant had committed upon the court by failing to dis-
close his true identity and resentenced the defendant to a prison
term of from eight to twenty years, to be served consecutively to
the sentences that the defendant was serving for prior convictions.
The defendant appealed.

The Court of Appeals *held*:

1. Although the trial court erred in relying on MCR 2.612(C)(3)
for its authority to resentence under these circumstances, the
authority for such resentencing is found in MCR 6.429(A), which
authorizes a court to correct an invalid sentence. A sentence that is
based on inaccurate information is invalid. Because the original
sentence in this case was based on inaccurate information regard-
ing the defendant's background, it was an invalid sentence within
the meaning of MCR 6.429(A).

2. A motion for resentencing is not a condition precedent to a
sentencing court's correction of an invalid sentence under MCR
6.429(A), and MCR 6.429(A) sets no time limit within which the
court must exercise its authority to correct an invalid sentence.
Because MCR 6.429(A) places no temporal restrictions with respect
to a court's exercise of its authority to correct an invalid sentence,

the court in this case was not precluded from exercising its authority to correct the invalid sentence more than a year after the invalid sentence had been imposed.

3. The defendant is not entitled to resentencing. The record fails to establish that the increased sentence imposed on resentencing was the result of any improper consideration by the sentencing court or that the new sentence violated the principle of proportionality.

Affirmed.

SENTENCES — INVALID SENTENCES — CORRECTION OF INVALID SENTENCE.

A sentencing court may correct an invalid sentence; a sentence based on inaccurate information is invalid; a sentencing court's authority to correct an invalid sentence is not dependent on a motion for resentencing having been made and is not by court rule subject to any temporal limitation (MCR 6.429[A]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Tony D. Tague*, Prosecuting Attorney, and *Alisa M. Nystrom*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sherrie P. Guess*), for the defendant on appeal.

Before: REILLY, P.J., and HOOD and MURPHY, JJ.

PER CURIAM. Defendant pleaded guilty of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and was sentenced to 2½ to 20 years' imprisonment under the name of "Chris Thomas," which had been provided by defendant. More than one year later, an employee of the Department of Corrections sent a letter to the trial court stating that a consecutive sentence should have been imposed because defendant was on escape status from the Department of Corrections at the time of the instant offense. The trial court, upon learning that the Department of Corrections believed that defendant's true identity was "Mar-

cus Harris," forwarded the letter to the prosecutor's office for review. The prosecutor subsequently moved for resentencing, alleging that defendant was, in fact, "Marcus Harris." Following an evidentiary hearing, the trial court found that defendant's true identity was "Marcus Harris" and that "Marcus Harris" had a prior criminal record and was on escape status from the Department of Corrections when he committed the instant offense. Further, the trial court held that the sentence that had been imposed for this offense was invalid because it was based on inaccurate information and did not comport with the requirements of the law. After affording defendant a resentencing hearing, the trial court resentenced defendant to eight to twenty years' imprisonment, to be served consecutively to the sentences that defendant was then serving in prior cases. Defendant appeals as of right. We affirm.

Defendant first contends that the trial court lacked jurisdiction to order resentencing. We consider this question de novo because a question of law is involved. *People v Medlyn*, 215 Mich App 338, 340; 544 NW2d 759 (1996). In so doing, we find that the trial court erred in looking to MCR 2.612(C)(3) as authority for it to order resentencing at any time on the basis of its finding that defendant had committed a fraud on the court relative to his true identity. Pursuant to MCR 6.001(D), we hold that MCR 2.612(C)(3) is inapplicable to resentencing issues because MCR 6.429(A) governs the issue whether the trial court can correct the sentence.

However, the trial court reached the right result because MCR 6.429(A) gave the trial court authority to correct an invalid sentence. *People v Miles*, 454

Mich 90, 96; 559 NW2d 299 (1997). A sentence may be invalid no matter who is benefited by the error, because sentencing not only must be tailored to each defendant, but also must satisfy society's need for protection and interest in maximizing the offender's rehabilitative potential. *Id.*, p 98. In the case at bar, resentencing was ordered because the original sentence did not comport with the requirements of the law and was based on inaccurate information regarding the defendant's criminal background. Our Supreme Court has repeatedly held that a sentence based on inaccurate information is invalid. *Id.*, p 96. Therefore, the threshold requirement of MCR 6.429(A) that a sentence be invalid was satisfied in the case at bar.[1] The material question, thus, becomes whether there was any time restriction that precluded the trial court from exercising its authority to correct the sentence.

We do not agree with defendant's argument that the trial court's authority to order resentencing ended when the appeal period for the original sentence expired. In this regard, we note that MCR 6.429(B) and (C), as amended effective April 1, 1996, set forth procedures for parties to preserve certain issues for appeal, to move for resentencing, and to seek relief from the judgment pursuant to subchapter 6.500. In the case at bar, the trial court expressed concern regarding whether the failure of a party to file a motion for resentencing within the forty-two-day time

---

[1] It is the invalidity of the sentence in the case at bar that distinguishes it from this Court's recent decision in *People v Wybrecht,* 222 Mich App 160; 564 NW2d 903 (1997), where this Court reversed the trial court's order granting resentencing. This Court held that a trial court only has authority to order resentencing under MCR 6.429(A) if the original sentence is invalid.

limit for a motion for resentencing in MCR 6.429(B) would preclude it from exercising its authority to resentence defendant.

However, a motion for resentencing is not a condition precedent for a trial court to correct an invalid sentence under MCR 6.429(A), although a defendant's right to due process must be satisfied. See, e.g., *Miles, supra.* Further, MCR 6.429(A) does not set time limits with respect to a trial court's authority to correct an invalid sentence.

If the language of the court rule is clear, this Court should apply it as written. *Bruwer v Oaks (On Remand)*, 218 Mich App 392, 397; 554 NW2d 345 (1996). There being no time restrictions specified in MCR 6.429(A), we decline to construe this court rule as containing a jurisdictional time limitation. Therefore, there was no impediment relative to the time of the trial court's decision in the case at bar that would preclude it from ordering a resentencing pursuant to MCR 6.429(A).

Further, we find that defendant's reliance on *People v Fox*, 312 Mich 577; 20 NW2d 732 (1945), to argue that the trial court's correction of a sentence would infringe upon the Governor's exclusive power to commute a sentence, once part of the sentence has been served, is misplaced. Our Supreme Court's concern in *Fox* was that a trial court was amending a valid sentence. This concern is not implicated where a trial court corrects an invalid sentence and the facts do not involve any executive commutation of the original sentence. See *People v Lamb (After Remand)*, 201 Mich App 178; 506 NW2d 7 (1993). Hence, given the particular facts of this case, we hold that the trial court was not precluded from exercising its authority

under MCR 6.429(A) to correct defendant's invalid sentence.

Defendant next contends that he is entitled to resentencing. We disagree. Resentencing requires a showing that a sentence is invalid. *In re Jenkins*, 438 Mich 364, 369, n 3; 475 NW2d 279 (1991). In the case at bar, neither the trial court's explanation for the sentence, the presumption of vindictiveness that arises when a court imposes an increased sentence at a resentencing hearing, nor the principle of proportionality provides a basis for holding that the sentence of eight to twenty years' imprisonment is invalid. *People v Adams*, 430 Mich 679; 425 NW2d 437 (1988); *People v Mazzie*, 429 Mich 29; 413 NW2d 1 (1987); *People v Dukes*, 189 Mich App 262, 266; 471 NW2d 651 (1991).

Affirmed.