# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JUSTIN TIMOTHY COMER,

      Defendant-Appellant.

FOR PUBLICATION
October 8, 2015

No. 318854
St. Clair Circuit Court
LC No. 11-001804-FC

GLEICHER, P.J. (*concurring*).

I concur with the result reached in the majority opinion only because I am compelled to do so by *People v Harris*, 224 Mich App 597; 569 NW2d 525 (1997). In my view, *Harris* was wrongly decided and should be overruled by our Supreme Court. Further, I believe that the Supreme Court has signaled, albeit in obiter dictum, that the analysis set forth in *Harris* is deeply flawed. Were it not for *Harris*, I would vacate the electronic monitoring provision from defendant's sentence.

Resolution of this case hinges on an interpretation of two closely related court rules. The first, MCR 6.429 sets forth two relevant subrules. Subrule (A) establishes that a trial court possesses the authority to correct an invalid sentence. Subrule (B), titled "Time for Filing Motion," sets forth various time limits for filing a motion to correct an invalid sentence. Subsection (B)(1) provides that "[a] motion to correct an invalid sentence may be filed before the filing of a timely claim of appeal." If a claim of appeal has already been filed, a motion to correct an invalid sentence may be filed only in accordance with the procedure set forth in MCR 7.208(B), or the remand procedure set forth in MCR 7.211(C)(1).[1] MCR 6.429(B)(2). If the matter involves a defendant who may only appeal by leave (as here), a motion to correct an invalid sentence must be filed "within 6 months of entry of the judgment of conviction and sentence." MCR 6.429(B)(3). When a defendant is no longer entitled to appeal by leave,

---

[1] MCR 7.208(B) provides that "[n]o later than 56 days after the commencement of the time for filing the defendant-appellant's brief" in the Court of Appeals, the defendant may file in the trial court a motion to correct an invalid sentence. MCR 7.211(C)(1) addresses motions to remand filed in the Court of Appeals "[w]ithin the time provided for filing the appellant's brief." Neither rule applies here.

"defendant may seek relief pursuant to the procedure set forth in subchapter 6.500." MCR 6.429(B)(4).

These procedures clearly contemplate that a court may correct an invalid sentence only after a party has filed a motion seeking that relief. Although MCR 6.429(A) imbues a court with the *authority* to correct an invalid sentence, MCR 6.429(B) describes in considerable detail the *process* for correcting an invalid sentence. That process commences with the filing of a motion. Justice STEPHEN MARKMAN reached the same conclusion when dissenting from an order denying leave to appeal in *People v Peck*, 481 Mich 863 (2008). Joined by Justice CAVANAGH, Justice MARKMAN wrote that MCR 6.429 "requires that a 'motion' be 'filed' by a 'party' before a trial court may correct a sentence." *Id*. at 867 n 1. No motion was filed in the case at bar.

Furthermore, I believe that the Supreme Court's opinion in *People v Holder*, 483 Mich 168; 767 NW2d 423 (2009), comes close to implicitly overruling *Harris*. The defendant in *Holder* committed several crimes after receiving a parole discharge from prison. *Id*. at 169. The trial court sentenced him for those crimes. Subsequently, the Department of Corrections notified the defendant and the trial court that it had "cancelled" the defendant's parole discharge. The DOC asked the judge "to amend the defendant's judgment of sentence to reflect that the sentence imposed was to be served consecutively to the sentence for which defendant was on parole." *Id*. at 170. The judge complied with this request. *Id*. The Supreme Court held that "[b]ecause the original judgment of sentence was valid when imposed, the sentencing judge had no authority to modify it pursuant to MCR 6.429(A)," and vacated the amended sentence. *Id*. The Supreme Court emphasized that notices sent by the DOC to trial courts "are merely advisory and informational in nature," and do not excuse compliance with "the relevant statutes and court rules." *Id*.

*Holder* is distinguishable from this case, as the sentence in *Holder* was valid when imposed while defendant's sentence was not. However, in obiter dictum the *Holder* Court observed:

> While the DOC certainly has an obligation to ensure that any sentence executed is free from errors, the department is not a party to the underlying criminal proceedings under either MCR 6.429 or MCR 6.435. As a result, we wish to reiterate that *any* notices sent from the DOC to the courts and parties regarding sentencing errors are merely informational, and any requests contained therein merely advisory. Any judge receiving such a notice must ascertain the nature of the claimed error, determine whether the error implicates a defendant's sentence, and consider the curative action recommended by the DOC. It is imperative, however, that any corrections or modifications to a judgment of sentence must comply with the relevant statutes and court rules. *Significantly, if the claimed error is substantive, the court may modify the sentence only "[a]fter giving the parties an opportunity to be heard" and if "it has not yet entered judgment in the case. . . ." MCR 6.435(B).* Similarly, if the original judgment of sentence was valid when entered, MCR 6.429(A) controls and mandates that the court "may not modify a valid sentence after it has been imposed except as provided by law." [*Id*. at 176-177 (emphasis added, alterations in original).]

Here, as in *Holder*, a letter from the DOC triggered the trial court's correction of defendant's sentence. Here, as in *Holder*, the error was substantive rather than clerical. I conclude, as the Supreme Court indicated in *Holder*, that the procedure for correcting a substantive error is governed by MCR 6.435(B).

MCR 6.435 empowers courts to correct "mistakes." This court rule distinguishes between two types of mistakes—"clerical" and "substantive"—as follows:

> (A) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it.

> (B) Substantive Mistakes. After giving the parties an opportunity to be heard, *and provided it has not yet entered judgment in the case*, the court may reconsider and modify, correct, or rescind any order it concludes was erroneous. [Emphasis added.]

Because the omission of lifetime electronic monitoring from both judgments of sentence constituted a substantive rather than a clerical mistake, were it not for *Harris*, I would hold that the trial court lacked the authority to correct this mistake.

According to the 1989 Staff Comment to MCR 6.435, subrule (A) permits a court to correct "an inadvertent error or omission in the record, or in an order or judgment." The purpose of subrule (A) "is to make the lower court record and judgment accurately reflect what was done and decided at the trial level." *Central Cartage Co v Fewless*, 232 Mich App 517, 536; 591 NW2d 422 (1998) (discussing MCR 2.612[A], which is identical to MCR 6.435[A]).

The staff comment explains that subrule (B), addressing "substantive mistakes," "pertains to mistakes relating not to the accuracy of the record, but rather, to the correctness of the conclusions and decisions reflected in the record." The comment continues, "[s]ubstantive mistake refers to a conclusion or decision that is erroneous because it was based on a mistaken belief in the facts or the applicable law." MCR 6.435, 1989 Staff Comment. The comment provides the following examples intended to "illustrate the distinction" between clerical and substantive mistakes:

> A prison sentence entered on a judgment that is erroneous because the judge misspoke or the clerk made a typing error is correctable under subrule (A). A prison sentence entered on a judgment that is erroneous because the judge relied on mistaken facts (for example, confused codefendants) or made a mistake of law (for example, unintentionally imposed a sentence in violation of the *Tanner* rule[2])

---

[2] The "*Tanner* rule" refers to the pre-legislative sentencing guideline rule that a defendant's minimum sentence could be no more than 2/3 his maximum sentence. See *People v Tanner*, 387 Mich 683; 199 NW2d 202 (1972).

is a substantive mistake and is correctable by the judge under subrule (B) until the judge signs the judgment, but not afterwards. [*Id.*]

During defendant's first two sentencing hearings, neither Judge Adair nor the prosecuting attorney mentioned lifetime electronic monitoring. Most likely, this was because it remained unclear whether lifetime electronic monitoring was required when a defendant's CSC-I offense did not involve a child under the age of 13. *Brantley* and *King* illustrate the disagreement involving this legal question. In my view, Judge Adair (and the prosecutor) neglected to raise the issue of lifetime monitoring because both were "laboring under a misconception of the law." See *People v Whalen*, 412 Mich 166, 170; 312 NW2d 638 (1981). Their misconception gave rise to a substantive mistake requiring correction. Under MCR 6.435(B), that correction could only occur before the court entered a judgment of sentence.

Notably, in *Harris*, this Court failed to address MCR 6.435. I believe that properly construed, MCR 6.435 governs the procedure for correcting mistakes that render a sentence invalid. Although MCR 6.429 empowers a trial court to make corrections, MCR 6.435 imposes limits on that authority. Because the correction of substantive mistakes must occur before entry of the judgment of sentence, I believe that Judge West was foreclosed from adding lifetime electronic monitoring as a term of defendant's sentence.

Finally, I believe that Judge West erred by attempting to circumvent MCR 6.435 by withdrawing defendant's guilty plea and forcing him to enter a renewed plea of guilty. A defendant may move to withdraw his guilty plea within six months after sentence, and thereafter only in accordance with the procedure set forth in MCR 6.500 *et seq*. MCR 6.310(C). Defendant did not move to withdraw his guilty plea within six months, and never invoked the procedures set forth in MCR 6.500 *et seq*. MCR 6.310(C) further provides:

> If the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside, the court must give the advice or make the inquiries necessary to rectify the error and then give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea."

In context, this provision of MCR 6.310(C) relates to the trial court's determination of a *motion* brought by a defendant to withdraw a guilty plea. MCR 6.310(E) allows a court to vacate a plea on a prosecutor's motion "if the defendant has failed to comply with the terms of a plea agreement." I have located no authority empowering a trial court to independently decide, years after sentencing, that a defect in the plea proceeding required setting aside a guilty plea. Moreover, in *People v Strong*, 213 Mich App 107, 112; 539 NW2d 736 (1995), this Court emphasized that a "trial court may exercise its discretion to vacate an accepted plea only under the parameters of the court rule." Thus, in my view the trial court abused its discretion by withdrawing defendant's guilty plea and requiring him to re-plead, and did not restart the clock under MCR 6.435(B).

*Harris* permits a trial court to substantively modify a defendant's sentence without a motion, and at any time. I believe that MCR 6.435 was intended to rein in a court's authority to alter even an invalid sentence, and urge the Supreme Court to consider this question.


/s/ Elizabeth L. Gleicher