# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

## PEOPLE v COMER

Docket No. 152713. Argued on application for leave to appeal January 10, 2017. Decided June 23, 2017.

Justin T. Comer pleaded guilty to criminal sexual conduct in the first-degree (CSC-I) and second-degree home invasion in the St. Clair Circuit Court. The judge, James P. Adair, sentenced defendant to concurrent prison terms for the two offenses. Defendant's judgment of sentence contained a line to be checked by the court indicating that the defendant would be subject to lifetime electronic monitoring under MCL 750.520n, but the line was not checked, and the court did not otherwise indicate that defendant was subject to lifetime electronic monitoring. Defendant sought leave to appeal in the Court of Appeals, challenging the scoring of several offense variables. In lieu of granting leave to appeal, the Court of Appeals vacated defendant's CSC-I sentence and remanded for resentencing on the basis of a scoring error. The trial court resentenced defendant on October 8, 2012, and the second judgment of sentence also included the same unchecked line referring to lifetime electronic monitoring and omitted any other reference to that punishment. The Michigan Department of Corrections subsequently notified the trial court by letter that, pursuant to *People v Brantley*, 296 Mich App 546 (2012), defendant's sentence should have included lifetime electronic monitoring. The judge, Michael L. West, ruled that defendant's guilty plea was "defective" because defendant had not been advised about lifetime electronic monitoring and rejected defendant's argument that the omission of lifetime electronic monitoring could only be corrected pursuant to a timely motion to correct an invalid sentence. Defendant declined to withdraw his plea, and on April 29, 2013, the trial court signed a new judgment of sentence retaining the term of incarceration previously imposed and adding: "Lifetime GPS upon release from prison." Defendant again sought leave to appeal in the Court of Appeals, which the Court of Appeals denied. Defendant sought leave to appeal in the Supreme Court, and the Supreme Court remanded the case to the Court of Appeals for consideration as on leave granted. 497 Mich 957 (2015). The Court of Appeals held that, pursuant to *Brantley*, defendant was subject to lifetime electronic monitoring when he was first sentenced, but because defendant's sentence did not include lifetime electronic monitoring, defendant's sentence was invalid. 312 Mich App 538 (2015). The Court of Appeals further held that, pursuant to *People v Harris*, 224 Mich App 597 (1997), the trial court was empowered to correct defendant's invalid sentence without time limitation. Judge GLEICHER concurred in the result but asserted that *Harris* was wrongly decided because MCR 6.429 only permits a court to correct an invalid sentence after a party has filed a motion seeking that relief. Defendant sought

leave to appeal in the Supreme Court, and the Supreme Court ordered and heard oral argument on whether to grant the application or take other action. 499 Mich 888 (2016).

In an opinion by Justice VIVIANO, joined by Chief Justice MARKMAN and Justices MCCORMACK, BERNSTEIN, and LARSEN, the Supreme Court, in lieu of granting leave to appeal, *held*:

Under MCL 750.520b(2)(d), the punishment of lifetime electronic monitoring must be imposed for all CSC-I sentences when the offender is not imprisoned for life without the possibility of parole under MCL 750.520b(2)(c). Defendant's sentence for CSC-I was invalid because it did not include lifetime electronic monitoring. Under MCR 6.435 and MCR 6.429, a trial court may not correct an invalid sentence on its own initiative after entry of the judgment; the court may only do so upon the proper motion of a party, and *Harris* is overruled to the extent that it is inconsistent with this conclusion. Because neither party moved to correct defendant's sentence, the trial court erred by adding lifetime electronic monitoring to defendant's sentence on its own initiative 19 months after the original sentence was imposed.

1. MCL 750.520b(2) sets forth the punishment for CSC-I. MCL 750.520b(2)(a), (b), and (c) detail the penalties to be imposed depending on the circumstances of the case. Under MCL 750.520b(2)(d), in addition to any other penalty imposed under Subdivision (a) or (b), the court shall sentence the defendant to lifetime electronic monitoring under MCL 750.520n. MCL 750.520n(1) provides that a person convicted under MCL 750.520b or MCL 750.520c for criminal sexual conduct committed by an individual 17 years old or older against an individual less than 13 years of age shall be sentenced to lifetime electronic monitoring as provided under MCL 791.285. Therefore, under MCL 750.520b(2)(d), the trial court shall sentence a defendant to lifetime electronic monitoring as provided by MCL 750.520n in addition to any other penalty imposed under MCL 750.520b(2)(a) *or* (b). The disjunctive term "or" signals that there are two circumstances in which lifetime electronic monitoring must be imposed under MCL 750.520b(2). Lifetime electronic monitoring must be imposed (1) when a defendant receives a sentence of life in prison or any term of years under MCL 750.520b(2)(a); *or* (2) when a defendant also receives a mandatory minimum sentence under MCL 750.520b(2)(b) because the crime was committed by an individual 17 years of age or older against an individual less than 13 years of age. Thus, the Legislature has mandated lifetime electronic monitoring for all CSC-I sentences except when the defendant is sentenced to life without the possibility of parole under MCL 750.520b(2)(c). To conclude that lifetime electronic monitoring is limited only to sentences imposed under MCL 750.520b(2)(b) would impermissibly render the Legislature's reference in MCL 750.520b(2)(d) to "any other penalty imposed under subdivision (a)" nugatory. Moreover, reading MCL 750.520b(2)(d) in the context of the entire legislative scheme demonstrates the Legislature's intent to mandate lifetime electronic monitoring for all CSC-I sentences when the defendant has not been sentenced to life without parole. In this case, defendant pleaded guilty to CSC-I under MCL 750.520b(1)(c) for sexual penetration occurring under circumstances involving the commission of another felony, and the punishment for that offense is (1) imprisonment for life or for any term of years and (2) mandatory lifetime electronic monitoring. The Court of Appeals correctly determined that defendant's sentence was invalid

because defendant's judgment of sentence did not include the statutorily mandated punishment of lifetime electronic monitoring.

2. MCR 6.435 provides the general rule regarding a court's ability to correct mistakes in judgments and orders. MCR 6.435(A) provides that clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it. In this case, the failure to sentence defendant to lifetime electronic monitoring was a substantive mistake, not a clerical mistake. MCR 6.435(B) provides that after giving the parties an opportunity to be heard, and provided it has not yet entered judgment in the case, the court may reconsider and modify, correct, or rescind any order it concludes was erroneous. MCR 6.435(B) permits a trial court to act on its own initiative to correct substantive mistakes in a sentence, but only if it has not yet entered judgment. MCR 6.429(A), the court rule outlining the court's authority to modify a sentence, provides that a motion to correct an invalid sentence may be filed by either party and that the court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law. MCR 6.429(B) outlines the time for filing such a motion. In cases where, as here, a defendant may only appeal by leave, MCR 6.429(B)(3) provides that either party has six months from the entry of judgment of sentence to file a motion to correct an invalid sentence. Importantly, MCR 6.429 is conspicuously silent on the court's authority to correct an invalid sentence sua sponte, and when considered against the backdrop of the general rule, MCR 6.435(B), the silence is telling. Additionally, interpreting MCR 6.429 as authorizing trial courts to correct invalid sentences sua sponte would render the time limitation in MCR 6.429(B)(3) a mere formality. Therefore, when considering MCR 6.435 and MCR 6.429 together, the trial court's authority to correct an invalid sentence on its own initiative ends upon entry of the judgment of sentence. An invalid sentence may be corrected only upon the timely filing of a motion to correct an invalid sentence in accordance with MCR 6.429, and *Harris* is overruled to the extent that it was inconsistent with this conclusion. In this case, defendant's sentence was invalid because it did not include the statutorily mandated punishment of lifetime electronic monitoring, and the trial court improperly ordered a hearing on its own initiative, after which it added lifetime electronic monitoring to defendant's sentence. Under MCR 6.435 and MCR 6.429, the trial court lacked the authority to correct defendant's invalid sentence absent a motion from one of the parties. Accordingly, the Court of Appeals erred when it affirmed the trial court's correction of defendant's invalid sentence.

Affirmed in part, reversed in part, and the April 29, 2013 judgment of sentence vacated; case remanded to the trial court to reinstate the October 8, 2012 judgment of sentence.

Justice ZAHRA, joined by Justice WILDER, concurring in part and dissenting in part, agreed with the majority's holding that defendant's sentence was invalid because MCL 750.520b(2)(d) required the trial court to sentence defendant to lifetime electronic monitoring and also agreed with the majority's conclusion that the trial court lacked authority to correct defendant's invalid sentence. Justice ZAHRA disagreed with the majority's remedy because it did not address the significant constitutional concerns regarding whether defendant's plea was involuntary: because defendant was not made aware that mandatory lifetime electronic

monitoring was a direct consequence of the plea, defendant's plea was not constitutionally valid, and any action taken to redress errors in defendant's sentence predicated on that invalid plea would be premature. Additionally, specific performance of an invalid sentence would be inappropriate because the court rules provide no basis for such a remedy. Instead of reinstating an invalid sentence that was predicated on an invalid plea, Justice ZAHRA would have concluded that the appropriate remedy was to give defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea.

©2017 State of Michigan

# OPINION

Chief Justice:            Justices:
Stephen J. Markman    Brian K. Zahra
                       Bridget M. McCormack
                       David F. Viviano
                       Richard H. Bernstein
                       Joan L. Larsen
                       Kurtis T. Wilder

FILED June 23, 2017

S T A T E  O F  M I C H I G A N

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v                                   No. 152713

JUSTIN TIMOTHY COMER,

       Defendant-Appellant.

---

BEFORE THE ENTIRE BENCH

VIVIANO, J.

We address whether the trial court's failure to impose lifetime electronic monitoring as a part of defendant's sentence for criminal sexual conduct in the first-degree (CSC-I) rendered defendant's sentence invalid and, if so, whether the trial court could correct the invalid sentence on its own initiative 19 months after the original judgment of sentence had entered. We hold that defendant's sentence was invalid because MCL 750.520b(2)(d) required the trial court to sentence defendant to lifetime electronic monitoring. We further hold that under MCR 6.435 and MCR 6.429, the trial

court erred by correcting defendant's invalid sentence on its own initiative absent a motion from either party. In lieu of granting leave to appeal, we affirm the judgment of the Court of Appeals in part, reverse in part, vacate the April 29, 2013 judgment of sentence, and remand this case to the trial court to reinstate the October 8, 2012 judgment of sentence.

## I. FACTS AND PROCEDURAL HISTORY

In 2011, defendant, Justin Comer, was charged with CSC-I and first-degree home invasion stemming from an incident involving a 48-year-old woman. He pleaded guilty to CSC-I and second-degree home invasion. On October 3, 2011, former St. Clair Circuit Court Judge James Adair sentenced defendant to concurrent prison terms of 51 months to 18 years for the CSC-I conviction and 51 months to 15 years for the second-degree home invasion conviction. The judgment of sentence included a line to be checked by the trial court, indicating: "The defendant is subject to lifetime monitoring under MCL 750.520n." This line was not checked, and the trial court did not otherwise indicate that defendant was subject to lifetime electronic monitoring.

Defendant sought leave to appeal in the Court of Appeals, challenging the scoring of several offense variables. In lieu of granting leave to appeal, the Court of Appeals vacated defendant's CSC-I sentence and remanded for resentencing based on a scoring error.[1] Thereafter, on October 8, 2012, Judge Adair resentenced defendant, reducing his minimum sentence for both convictions to 42 months. The second judgment of sentence

---

[1] *People v Comer*, unpublished order of the Court of Appeals, entered June 29, 2012 (Docket No. 309402).

2

also included the same unchecked line referring to lifetime electronic monitoring and omitted any other reference to that punishment.

On January 29, 2013, the Michigan Department of Corrections notified the trial court by letter that, pursuant to *People v Brantley*,[2] defendant's sentence should have included lifetime electronic monitoring. Defendant objected, arguing that *Brantley* did not apply and that the prosecution's failure to bring a motion to correct defendant's sentence precluded resentencing. At a hearing on April 29, 2013, Judge Adair's successor, Judge Michael West, ruled that defendant's guilty plea was "defective" because defendant was not advised about lifetime electronic monitoring. Judge West declared that he would not proceed further with the plea being defective. He rejected defendant's argument that the omission of lifetime electronic monitoring could only be corrected pursuant to a timely motion to correct an invalid sentence.[3] The trial court offered defendant an opportunity to withdraw his plea or to allow the plea to stand while acceding to the lifetime electronic monitoring requirement. Defendant declined to withdraw his plea. Thereafter, the trial court signed a new judgment of sentence retaining the term of incarceration previously imposed and adding: "Lifetime GPS upon release from prison."[4]

---

[2] *People v Brantley*, 296 Mich App 546; 823 NW2d 290 (2012). In *Brantley*, the Court of Appeals held that any defendant convicted of CSC-I under MCL 750.520b must be ordered to submit to lifetime electronic monitoring. *Id*. at 559.

[3] The prosecution conceded at oral argument that neither party filed a motion to correct an invalid sentence under MCR 6.429.

[4] Capitalization altered.

Defendant again sought leave to appeal. After the Court of Appeals denied defendant's delayed application for leave to appeal,[5] we remanded the case to that Court for consideration as on leave granted.[6] On remand, the Court of Appeals affirmed defendant's sentence in a published opinion.[7] Bound by *Brantley*, the Court of Appeals held that defendant was subject to lifetime electronic monitoring when he was first sentenced in 2011.[8] Because defendant's sentence did not include lifetime electronic monitoring, the Court of Appeals concluded that his sentence was invalid.[9] Next, the Court of Appeals addressed whether the trial court had the authority to correct defendant's sentence. Relying on its prior decision in *People v Harris*,[10] the Court of Appeals held that "the trial court was empowered to correct defendant's invalid sentence without time limitation."[11]

Judge GLEICHER concurred in the result but asserted that *Harris* was wrongly decided because, in her view, MCR 6.429 only permits a court to correct an invalid

---

[5] *People v Comer*, unpublished order of the Court of Appeals, entered January 27, 2014 (Docket No. 318854).

[6] *People v Comer*, 497 Mich 957 (2015).

[7] *People v Comer*, 312 Mich App 538, 540; 879 NW2d 306 (2015).

[8] *Id*. at 544.

[9] *Id*.

[10] *People v Harris*, 224 Mich App 597; 569 NW2d 525 (1997). In *Harris*, the Court of Appeals held that a motion for resentencing is not a prerequisite for a trial court to correct an invalid sentence under MCR 6.429(A) and that the rule does not set time limits with respect to a trial court's authority to correct an invalid sentence. *Id*. at 601.

[11] *Comer*, 312 Mich App at 545.

sentence after a party has filed a motion seeking that relief.[12] She noted that no such motion had been filed by either party.[13] But for *Harris*, she would have held that the trial court lacked the authority to correct the mistake in defendant's sentence.[14]

Defendant sought leave to appeal in this Court. We scheduled oral argument on the application, directing the parties to address:

> (1) whether the defendant's original sentence for first-degree criminal sexual conduct was rendered invalid because it did not include lifetime electronic monitoring, pursuant to MCL 750.520b(2)(d), i.e., whether MCL 750.520n requires that the defendant, who pled guilty to MCL 750.520b(1)(c), be sentenced to lifetime electronic monitoring, compare *People v Brantley*, 296 Mich App 546[, 823 NW2d 290] (2012), with *People v King*, 297 Mich App 465[, 824 NW2d 258] (2012); and (2) if so, whether the trial court was authorized to amend the defendant's judgment of sentence on the court's own initiative twenty months after the original sentencing, in the absence of a motion filed by any party. See MCR 6.429; MCR 6.435.[15]

## II. STANDARD OF REVIEW

The proper interpretation and application of statutes and court rules is a question of law, which this Court reviews de novo.[16] When interpreting statutes, we begin with the statute's plain language.[17] In doing so, we examine the statute as a whole, reading

---

[12] *Id*. at 546-547 (GLEICHER, P.J., concurring).

[13] *Id*. at 547.

[14] *Id*. at 549.

[15] *People v Comer*, 499 Mich 888 (2016).

[16] *People v Lee*, 489 Mich 289, 295; 803 NW2d 165 (2011).

[17] *Madugula v Taub*, 496 Mich 685, 696; 853 NW2d 75 (2014).

5

individual words and phrases in the context of the entire legislative scheme.[18] We must give effect to every word, phrase, and clause and avoid an interpretation that would render any part surplusage or nugatory.[19] When the statute's language is unambiguous, the statute must be enforced as written.[20] These same legal principles govern the interpretation of court rules.[21]

## III. ANALYSIS

## A. DEFENDANT IS SUBJECT TO LIFETIME ELECTRONIC MONITORING

We first address whether defendant is subject to lifetime electronic monitoring by virtue of his CSC-I conviction for a sexual penetration that occurred under circumstances involving the commission of another felony. Punishment for this offense is governed by MCL 750.520b(2), which provides:

> (2) Criminal sexual conduct in the first degree is a felony punishable as follows:
>
> (a) Except as provided in subdivisions (b) and (c), by imprisonment for life or for any term of years.
>
> (b) For a violation that is committed by an individual 17 years of age or older against an individual less than 13 years of age by imprisonment for life or any term of years, but not less than 25 years.
>
> (c) For a violation that is committed by an individual 18 years of age or older against an individual less than 13 years of age, by imprisonment for life without the possibility of parole if the person was previously

---

[18] *Id.*

[19] *Johnson v Recca*, 492 Mich 169, 177; 821 NW2d 520 (2012).

[20] *Madugula*, 496 Mich at 696.

[21] *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 278; 884 NW2d 257 (2016).

6

convicted of a violation of this section or section 520c, 520d, 520e, or 520g committed against an individual less than 13 years of age or a violation of law of the United States, another state or political subdivision substantially corresponding to a violation of this section or section 520c, 520d, 520e, or 520g committed against an individual less than 13 years of age.

(d) In addition to any other penalty imposed under subdivision (a) or (b), the court shall sentence the defendant to lifetime electronic monitoring under section 520n.

MCL 750.520n addresses lifetime electronic monitoring. Subsection (1) provides:

A person convicted under section 520b or 520c for criminal sexual conduct committed by an individual 17 years old or older against an individual less than 13 years of age shall be sentenced to lifetime electronic monitoring as provided under section 85 of the corrections code of 1953, 1953 PA 232, MCL 791.285.

We begin, as we must, with the statutory language. Section 520b(2) governs the punishment imposed for all persons convicted of CSC-I. The first three subdivisions address the terms of imprisonment imposed for CSC-I. Generally, CSC-I is punishable by imprisonment for life or any term of years,[22] with two exceptions. Under the first exception, CSC-I offenses committed by an individual 17 years of age or older against an individual less than 13 years of age are also subject to a 25-year mandatory minimum sentence.[23] The second exception, which is not at issue here, specifies that certain repeat offenders must be imprisoned for life without the possibility of parole.[24]

---

[22] MCL 750.520b(2)(a).

[23] MCL 750.520b(2)(b).

[24] MCL 750.520b(2)(c).

7

In addition to imprisonment, the Legislature has imposed lifetime electronic monitoring as an additional punishment for a CSC-I conviction.[25] Under § 520b(2)(d), the trial court shall sentence a defendant to lifetime electronic monitoring as provided by § 520n "[i]n addition to any other penalty imposed under subdivision (a) or (b) . . . ."[26] The disjunctive term "or" signals that there are two circumstances in which lifetime electronic monitoring must be imposed under MCL 750.520b(2).[27] Lifetime electronic monitoring must be imposed (1) when a defendant receives a sentence of life in prison or any term of years under § 520b(2)(a); *or* (2) when a defendant also receives a mandatory minimum sentence under § 520b(2)(b) because the crime was "committed by an individual 17 years of age or older against an individual less than 13 years of age." Thus, the Legislature has mandated lifetime electronic monitoring for all CSC-I sentences except when the defendant is sentenced to life without the possibility of parole under § 520b(2)(c).[28] To conclude otherwise, as defendant urges, and limit lifetime electronic

---

[25] *People v Cole*, 491 Mich 325, 336; 817 NW2d 497 (2012).

[26] The Legislature's use of the term "shall" indicates that this is a mandatory directive. *Fradco, Inc v Dep't of Treasury*, 495 Mich 104, 114; 845 NW2d 81 (2014).

[27] See *People v Kowalski*, 489 Mich 488, 499; 803 NW2d 200 (2011). "Or" is a disjunctive term used to indicate a disunion, a separation, an alternative. *Id*. at 499 n 11.

[28] In *Brantley*, the panel erroneously stated that "*any* defendant convicted of CSC-I under MCL 750.520b, regardless of the age of the defendant or the age of the victim, must be ordered to submit to lifetime electronic monitoring." *Brantley*, 296 Mich App at 559 (emphasis added). Because § 520b(2)(d) omits any reference to Subdivision (c), the lifetime electronic monitoring requirement does not apply to individuals sentenced to imprisonment for life without the possibility of parole under that subdivision. See *People v Johnson*, 298 Mich App 128, 135-136; 826 NW2d 170 (2012).

monitoring only to sentences imposed under § 520b(2)(b) would impermissibly render the Legislature's reference in § 520b(2)(d) to "any other penalty imposed under subdivision (a)" nugatory.[29]

Reading § 520b(2)(d) in the context of the entire legislative scheme similarly demonstrates the Legislature's intent to mandate lifetime electronic monitoring for all CSC-I sentences in which the defendant has not been sentenced to life without parole. Section 520b(2)(d) is located in Chapter LXXVI of the Michigan Penal Code, MCL 750.1 *et seq*. This chapter is titled "Rape" and sets forth the elements and punishments for offenses involving criminal sexual conduct. Immediately following § 520b is § 520c, which addresses criminal sexual conduct in the second degree (CSC-II). Similar to sentences for CSC-I, the Legislature has also mandated that courts impose lifetime electronic monitoring as part of CSC-II sentences, albeit in more limited circumstances. The relevant provision, MCL 750.520c(2)(b), provides:

> In addition to the penalty specified in subdivision (a), the court shall sentence the defendant to lifetime electronic monitoring under section 520n if the violation involved sexual contact committed by an individual 17 years of age or older against an individual less than 13 years of age.

---

[29] See *Johnson*, 492 Mich at 177. We reject defendant's argument that this interpretation renders the phrase "under section 520n" in § 520b(2)(d) meaningless. To the contrary, § 520n provides that defendants sentenced to lifetime electronic monitoring under §§ 520b or 520c are subject to the Department of Corrections' lifetime electronic monitoring program established by MCL 791.285. See *People v Kern*, 288 Mich App 513, 520; 794 NW2d 362 (2010). Section 520n also prohibits certain acts or omissions by individuals sentenced to lifetime electronic monitoring and provides the punishment for such violations.

Under this provision, lifetime electronic monitoring is only mandated for CSC-II convictions when the offender was 17 years of age or older and the victim was less than 13 years of age.  In contrast, § 520b contains no such limitation.  Because the Legislature has specifically limited lifetime electronic monitoring for CSC-II offenders to sentences arising from specific age-based offenses, we will not read an identical limitation into § 520b where the Legislature did not see fit to include it.[30]

Finally, we note that in analyzing this issue, lower courts and the parties in this case have focused extensively on when lifetime electronic monitoring may be imposed under § 520n(1).[31]  Their arguments have primarily been concerned with the effect of the modifying phrase "for criminal sexual conduct committed by an individual 17 years old or older against an individual less than 13 years of age" in § 520n(1).  We reject defendant's invitation to read this phrase as restricting lifetime electronic monitoring to CSC-I and CSC-II sentences for offenses committed by an individual 17 years of age or older against an individual less than 13 years of age.  Generally, a modifying clause is confined solely to the last antecedent unless a contrary intention appears.[32]  There is no such intention here.  Applying this general rule to determine that the age limitation only applies to convictions for CSC-II is entirely consistent with the statutory analysis above.

[30] See *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993) ("Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there.").

[31] See, e.g., *Brantley*, 296 Mich App at 557; *People v King*, 297 Mich App 465, 485-487; 824 NW2d 258 (2012).

[32] *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999).

Instead, it is defendant's reading that fails to give effect to every phrase and clause in the statutory scheme. In addition to rendering part of § 520b(2)(d) nugatory, interpreting § 520n(1) to add an age limitation to both § 520b and § 520c would improperly render the specific age limitation in § 520c(2)(b) surplusage.[33] Therefore, we hold that under § 520b(2)(d), lifetime electronic monitoring must be imposed for all defendants convicted of CSC-I except where the defendant has been sentenced to life without the possibility of parole under § 520b(2)(c).

Turning to this case, defendant pleaded guilty to CSC-I under § 520b(1)(c) for sexual penetration occurring under circumstances involving the commission of another felony. The punishment for this offense is: (1) imprisonment for life or for any term of years and (2) mandatory lifetime electronic monitoring.[34] Consequently, the trial court was required to impose lifetime electronic monitoring. Because defendant's judgment of sentence did not include this statutorily mandated punishment, we agree with the Court of Appeals that his sentence was invalid.[35]

---

[33] See *People v Miller*, 498 Mich 13, 25; 869 NW2d 204 (2015) (stating that we must "avoid an interpretation that would render any part of the statute surplusage or nugatory") (citation and quotation marks omitted).

[34] MCL 750.520b(2)(a) and (d).

[35] See *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997) (stating that a sentence is invalid when it is based on "a misconception of law").

## B. THE TRIAL COURT COULD NOT AMEND DEFENDANT'S SENTENCE ON ITS OWN INITIATIVE

Having determined that defendant's sentence was invalid, we next address whether the trial court was authorized to amend defendant's judgment of sentence on its own initiative 19 months after judgment on the sentence had entered.

As with statutes, we begin our analysis with the plain language of the relevant court rules.[36] Answering whether the trial court has the authority to correct sua sponte an invalid sentence after judgment on that sentence has entered requires us to consider two court rules: one general, one specific. MCR 6.435, entitled "Correcting Mistakes," provides the general rule regarding a court's ability to correct mistakes in judgments and orders. MCR 6.435(A) details the court's authority to correct clerical mistakes and provides:

> (A) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it.

Under this subrule, a court may correct a clerical mistake on its own initiative at any time, including after a judgment has entered.

But the parties do not contend that the failure to sentence defendant to lifetime electronic monitoring was a clerical mistake. Nor could they—the original sentencing judge said nothing about lifetime electronic monitoring at the initial sentencing. Instead, as the parties recognize, the failure to impose lifetime electronic monitoring was a substantive mistake, which is the province of MCR 6.435(B). Subrule (B) reads:

---

[36] *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009).

(B) Substantive Mistakes. After giving the parties an opportunity to be heard, and provided it has not yet entered judgment in the case, the court may reconsider and modify, correct, or rescind any order it concludes was erroneous.

As with clerical errors, MCR 6.435(B) contemplates the court acting on its own initiative to correct substantive mistakes; otherwise, there would be no need to specify that the court must first give the parties an opportunity to be heard. Yet the court's ability to correct substantive mistakes under MCR 6.435(B) ends upon entry of the judgment.[37]

Against the backdrop of MCR 6.435, we turn to the specific court rule discussing the court's ability to correct an invalid sentence. MCR 6.429, entitled "Correction and Appeal of Sentence," provides, in relevant part:

(A) Authority to Modify Sentence. A motion to correct an invalid sentence may be filed by either party. The court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law.

(B) Time for Filing Motion.

(1) A motion to correct an invalid sentence may be filed before the filing of a timely claim of appeal.

(2) If a claim of appeal has been filed, a motion to correct an invalid sentence may only be filed in accordance with the procedure set forth in MCR 7.208(B) or the remand procedure set forth in MCR 7.211(C)(1).

(3) If the defendant may only appeal by leave or fails to file a timely claim of appeal, a motion to correct an invalid sentence may be filed within 6 months of entry of the judgment of conviction and sentence.

---

[37] This provides the court with a seven-day window to review a sentence before signing the judgment of sentence. See MCR 6.427 ("Within 7 days after sentencing, the court must date and sign a written judgment of sentence . . . .").

13

(4) If the defendant is no longer entitled to appeal by right or by leave, the defendant may seek relief pursuant to the procedure set forth in subchapter 6.500.

The first sentence of MCR 6.429(A) provides that "[a] motion to correct an invalid sentence may be filed by either party." This provision gives both parties the ability to seek correction of an invalid sentence if they choose to do so.[38] The next sentence of the rule states that a "court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law." This reflects the well-recognized principle that trial courts possess the power to review and correct an invalid sentence.[39] It also distinguishes this power from the trial court's authority to modify a valid sentence, which is much more circumscribed.[40]

MCR 6.429(B) provides a detailed process governing how and when a party may file a motion to correct an invalid sentence.[41] Specifically, before the filing of a timely claim of appeal, either party may file a motion to correct an invalid sentence under MCR 6.429(B)(1). After a claim of appeal has been filed, a party may only file a motion to

---

[38] This sentence was added by a 2005 amendment clarifying that the rule applies to motions to correct an invalid sentence and that such motions may be filed by either party. MCR 6.429(A), as amended July 13, 2005, 473 Mich lxx (2005).

[39] *Miles*, 454 Mich at 96; *In re Jenkins*, 438 Mich 364, 369; 475 NW2d 279 (1991).

[40] Trial courts ordinarily lack the authority to set aside a valid sentence. See *People v Barfield*, 411 Mich 700, 702-703; 311 NW2d 724 (1981). But the Legislature may provide exceptions to this rule. See, e.g., MCL 801.257 ("[A] prisoner may receive, if approved by the court, a reduction of ¼ of his or her term if his or her conduct, diligence, and general attitude merit such reduction.").

[41] See *Lee*, 489 Mich at 299 ("MCR 6.429(B) sets the time limits for a motion to correct an invalid sentence . . . .").

correct an invalid sentence as specified by MCR 6.429(B)(2) and (3). These motions are time limited. If a claim of appeal has been filed, a defendant has 56 days to file a motion to correct an invalid sentence.[42] Or the appellant may file a motion to remand within the time provided for filing the appellant's brief.[43] In cases where, as here, a defendant may only appeal by leave, either party has six months from the entry of the judgment of sentence to file a motion to correct an invalid sentence.[44] Finally, when the appeal process is complete, the defendant may seek to correct an invalid sentence by seeking relief pursuant to Subchapter 6.500.[45]

Important to our interpretation of the rule is what MCR 6.429 does not address. While the second sentence in MCR 6.429(A) states that the court may correct invalid, but not valid, sentences, the remainder of MCR 6.429 focuses on parties filing a motion to correct an invalid sentence and is conspicuously silent on the court's authority to correct an invalid sentence sua sponte. When considered against the backdrop of the general rule, MCR 6.435(B), which permits a trial court to act on its own initiative to correct substantive mistakes in a sentence, but only until judgment is entered, the silence is telling. Had the drafters intended MCR 6.429 to allow sua sponte correction of substantive mistakes in a sentence after judgment is entered, we would have expected

---

[42] MCR 6.429(B)(2); MCR 7.208(B)(1).

[43] MCR 6.429(B)(2); MCR 7.211(C)(1).

[44] MCR 6.429(B)(3). Because defendant pleaded guilty, he could only appeal his sentence by leave. MCR 7.203(B)(1).

[45] MCR 6.429(B)(4).

them to be more explicit.[46]   As a result, we believe MCR 6.429(A) is best read as requiring a party to file a timely motion before a court may correct an invalid sentence upon which judgment has already entered.

Therefore, we conclude that MCR 6.429 authorizes either party to seek correction of an invalid sentence upon which judgment has entered, but the rule does not authorize a trial court to do so sua sponte.   MCR 6.429(B) describes in detail the process for correcting an invalid sentence, which requires the motion of a party.   Like MCR 6.429(A), Subrule (B) contains no indication that a trial court may act on its own initiative.   To the contrary, the procedure and accompanying time limits set forth in MCR 6.429(B) would have little meaning if MCR 6.429 permitted trial courts to correct invalid sentences sua sponte at any time.   Interpreting the rule in this manner would render the time limitation in MCR 6.429(B)(3) a mere formality—for example, a prosecutor who fails to timely file could still bring to the court's attention that a defendant's sentence is invalid and urge the court to act on its own initiative to correct the sentence.   And, if the trial court had unilateral authority to correct an invalid sentence under MCR 6.429, the timeliness of the prosecutor's request would be immaterial.[47]

---

[46] For instance, the court rules specifically grant a trial court the authority to act "on its own initiative" in other contexts, including several times in the same subchapter as MCR 6.429.  See, e.g., MCR 6.412(D)(2) (challenges for cause); MCR 6.420(D) (poll of jury); MCR 6.435(A) (correcting clerical mistakes); MCR 6.005(G) (unanticipated conflicts of interest); MCR 6.120(B) (permissive joinder); MCR 6.610(B) (pretrial conference).  We do not, however, suggest that the phrase "on its own initiative" is always required to authorize sua sponte action.  We conclude only that MCR 6.429, when read together with MCR 6.435, contains no indicia that a trial court may independently act to correct an invalid sentence once judgment on that sentence has entered.

[47] We have already recognized that these time limits are not trivialities.  In *People v Lee*,

In sum, when considering MCR 6.435 and MCR 6.429 together, we conclude that the trial court's authority to correct an invalid sentence on its own initiative ends upon entry of the judgment of sentence. Thereafter, an invalid sentence may be corrected only upon the timely filing of a motion to correct an invalid sentence in accordance with MCR 6.429.[48] In reaching the opposite conclusion, the Court of Appeals in this case relied on its previous decision in *Harris*,[49] which stated that "a motion for resentencing is not a condition precedent for a trial court to correct an invalid sentence under MCR 6.429(A) . . . ."[50] We overrule *Harris* to the extent that it is inconsistent with our opinion.

---

we held that a prosecutor's motion filed 20 months after the judgment of sentence entered was untimely and should have been denied by the trial court. *Lee*, 489 Mich at 299. This determination would have been unnecessary if the trial court had the authority to correct the sentence sua sponte.

[48] See *People v Peck*, 481 Mich 863, 867 n 1 (2008) (MARKMAN, J., dissenting) ("[MCR 6.429] requires that a 'motion' be 'filed' by a 'party' before a trial court may correct a sentence."); *Comer*, 312 Mich App at 547 (GLEICHER, P.J., concurring) ("These procedures clearly contemplate that a court may correct an invalid sentence only after a party has filed a motion seeking that relief."). See also *Michigan Rules of Court: Volume I – State*, MCR 6.435 (1989 Staff Comment), p 357 (stating that the limitation in MCR 6.435(B) in correcting substantive mistakes "does not, however, prohibit a party aggrieved by a substantive mistake from obtaining relief by using available postconviction procedures. . . . [T]he defendant may obtain relief by filing a postconviction motion. See 6.429"). We acknowledge that staff comments to the court rules are not binding authority, but they can be persuasive in understanding the proper scope or interpretation of a rule or its terms. See *People v Hernandez*, 443 Mich 1, 9 n 9; 503 NW2d 629 (1993).

[49] In *Harris*, the prosecution moved for resentencing more than one year after the defendant's judgment of sentence when it discovered that a consecutive sentence should have been imposed. *Harris*, 224 Mich App at 599. The trial court granted the motion and resentenced the defendant. *Id*.

[50] *Id*. at 601.

17

We emphasize that we reach our decision, as we must, based on the text of the relevant court rules.[51]  In the past, we have recognized that trial courts have the power to correct an invalid sentence sua sponte.[52]  But this Court is constitutionally vested with the exclusive authority to establish and modify rules of practice and procedure in this state.[53]  And when this Court exercises that authority, the courts are bound by its exercise.  By adopting MCR 6.435 and MCR 6.429, we set forth the governing procedure for correcting an invalid sentence in Michigan that trial courts must follow.[54]  Under these rules, a party must move to correct an invalid sentence; a court cannot do so on its own accord after entry of the judgment.[55]

---

[51] See *People v Holder*, 483 Mich 168, 176; 767 NW2d 423 (2009) ("It is imperative . . . that any corrections or modifications to a judgment of sentence must comply with the relevant statutes and court rules.").

[52] See, e.g., *In re Lemire*, 360 Mich 693, 695; 105 NW2d 37 (1960); *In re Vitali*, 153 Mich 514, 515; 116 NW 1066 (1908); *People v Farrell*, 146 Mich 264, 270; 109 NW 440 (1906) (opinion by CARPENTER, C.J.); *People v Dane*, 81 Mich 36, 40; 45 NW 655 (1890).

[53] Const 1963, art 6, § 5.  See also *McDougall v Schanz*, 461 Mich 15, 26; 597 NW2d 148 (1999).

[54] See *Holder*, 483 Mich at 176.  While the result here is dictated by the plain language of MCR 6.429, in the future this Court may exercise our rulemaking authority to expressly provide courts with the power to correct sentences on their own initiative.  We note that courts have this broader power in other jurisdictions.  FR Crim P 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."); *Commonwealth v Jones*, 520 Pa 385, 389-390; 554 A2d 50 (1989) (holding that a sentencing court may correct an illegal sentence sua sponte); *Guerin v Fullerton*, 389 P2d 84, 85; 154 Colo 142 (1964) (noting that Colo R Crim P 35(a) permits a court to correct a sentence on its own motion).

[55] Our decision in *Miles* is not to the contrary.  In *Miles*, we appear to have assumed that an invalid sentence was subject to sua sponte modification by the trial court under MCR 6.429(A) and noted that certain sentence modifications are ministerial in nature and do

18

As applied here, defendant's sentence was invalid because it did not include the statutorily mandated punishment of lifetime electronic monitoring. Under MCR 6.429(B), the court could have corrected this substantive error on its own initiative before entering judgment. After that, the prosecution had six months from the entry of the judgment of sentence to file a motion to correct the invalid sentence. The prosecution did not do so. Instead, the trial court ordered a hearing on its own initiative, which was held 19 months after the original sentence was imposed, after which it added lifetime electronic monitoring to defendant's sentence. Under MCR 6.435 and MCR 6.429, this was improper because the trial court lacked the authority to correct defendant's invalid sentence absent a motion from one of the parties.[56] Accordingly, we hold that the Court of Appeals erred when it affirmed the trial court's correction of defendant's invalid sentence.

---

not require a resentencing hearing. *Miles*, 454 Mich at 98-99. We ultimately held that the trial court erred when it modified defendant's sentence sua sponte without holding a hearing and remanded for a resentencing hearing because that was the remedy sought by the defendant. *Id*. at 94, 100. In doing so, we did not address the specific question presented here, i.e., whether a trial court may modify an invalid sentence on its own initiative at any time.

[56] Additionally, we agree with Judge GLEICHER that the trial court erred by treating this as a plea withdrawal case in order to circumvent MCR 6.435 and that MCR 6.310(C) "relates to the trial court's determination of a *motion* brought by a defendant to withdraw a guilty plea." *Comer*, 312 Mich App at 551 (GLEICHER, P.J., concurring). Because defendant has not brought such a motion here, the plea withdrawal procedure set forth in MCR 6.310(C) is inapplicable.

## IV. CONCLUSION

We hold that under MCL 750.520b(2)(d), the punishment of lifetime electronic monitoring must be imposed for all CSC-I sentences in which the offender is not imprisoned for life without the possibility of parole under § 520b(2)(c). Because defendant's sentence for CSC-I did not include lifetime electronic monitoring, it was invalid. We further hold that under MCR 6.435 and MCR 6.429, a trial court may not correct an invalid sentence on its own initiative after entry of the judgment; the court may only do so upon the proper motion of a party. Because neither party moved to correct defendant's sentence, the trial court erred by adding lifetime electronic monitoring to defendant's sentence on its own initiative 19 months after the original sentence was imposed. Accordingly, we affirm the judgment of the Court of Appeals in part, reverse in part, vacate the April 29, 2013 judgment of sentence, and remand this case to the trial court to reinstate the October 8, 2012 judgment of sentence.

David F. Viviano
Stephen J. Markman
Bridget M. McCormack
Richard H. Bernstein
Joan L. Larsen

20

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v                                  No. 152713

JUSTIN TIMOTHY COMER,

       Defendant-Appellant.

_____

ZAHRA, J. (*concurring in part and dissenting in part*).

I entirely agree with the majority's well-reasoned holding that defendant's sentence was invalid because MCL 750.520b(2)(d) required the trial court to sentence defendant to lifetime electronic monitoring (LEM). Further, I find the majority's interpretation of MCR 6.429 and MCR 6.435 reasonable, and therefore I concur with the majority's conclusion that the trial court lacked authority to correct defendant's invalid sentence.

I part ways with the majority because I disagree with the majority's remedy, which is to reinstate the very sentence it properly concluded was invalid. While a trial court is restrained from granting relief sua sponte or on the basis of an untimely filed motion to correct a valid sentence, this Court "may, *at any time*, in addition to its general powers" "enter any judgment or order that ought to have been entered . . . ."[1]

_____

[1] MCR 7.316(A) and (A)(7) (emphasis added). The majority mistakenly believes that

The majority's remedy, in my view, does not address the significant constitutional concerns regarding whether defendant's plea was involuntary under this Court's decision in *People v Cole*.[2]  As in *Cole*, the trial court failed to advise defendant that he is subject to LEM, which, as part of the sentence itself, is a direct consequence of the plea.[3]  Because defendant was not made aware of the LEM requirement, his plea is not constitutionally valid.[4]  Given that defendant's plea is not constitutionally valid, I believe any action taken to redress errors in defendant's sentence predicated on that invalid plea is premature.

This Court has made very clear that "MCR 6.310(C) provides the proper remedy for violations of MCR 6.302(B)(2)."[5]  Indeed, I believe that MCR 6.310(C) "provides the *sole* remedy for violations of MCR 6.302(B)(2) when a defendant seeks to withdraw his plea after sentencing."[6]  Consistently with this view, I conclude that specific performance of an invalid sentence is inappropriate because there is no basis for such a remedy in our

---

this Court's power under MCR 7.316(A) and (A)(7) is predicated on an underlying court rule that requires a defendant file a motion under MCR 6.310(C).  MCR 7.316(A) and (A)(7) plainly state that this Court "may, *at any time*, in addition to its general powers" "enter *any judgment or order* that ought to have been entered . . . ."  (Emphasis added.)

[2] *People v Cole*, 491 Mich 325; 817 NW2d 497 (2012).

[3] *Id*. at 335.

[4] *Id*. at 333, citing *Meyer v Branker*, 506 F3d 358; 367-368 (CA 4, 2007).

[5] *People v Brown*, 492 Mich 684, 699; 822 NW2d 208 (2012).

[6] *Id*. at 703 (YOUNG, C.J., concurring in part and dissenting in part).

court rules.[7] This Court's jurisprudence is generally in accord, albeit for different reasons, having stated that "[r]esentencing a defendant to a term within the range the court articulated at an erroneous plea hearing might lead to unfair results. It might create a binding 'pleaded to' sentence to which neither the prosecution nor the defendant agreed."[8]

I see no basis to depart from these principles regardless of whether defendant, the prosecution, or the trial court raised the violations of MCR 6.302(B)(2). In each instance, the fact remains that "[i]f the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside, the court must give the advice or make the inquiries necessary to rectify the error and then give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea."[9] More importantly, this Court has stressed that "the concerns about a defendant understanding the consequences of a guilty plea are present when the defendant is notified of possible sentence enhancement only after pleading guilty. Just as in the case at hand, a defendant's right to make an understanding plea is of *the utmost importance* in

---

[7] *Id*.

[8] *Id*. at 699-700 (opinion of the Court).

[9] MCR 6.310(C).

3

that circumstance."[10]  Therefore, instead of reinstating an invalid sentence that is predicated on an invalid plea, I would conclude that the appropriate remedy in this case is to "give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea."[11]

Brian K. Zahra
Kurtis T. Wilder

---

[10] *Brown*, 492 Mich at 701 (emphasis added).

[11] MCR 6.310(C); cf. *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).